802 F.2d 452
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
ESTATE of Gladys VANNATTER, Widow of Walter Vannatter, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, Respondent.
 No. 85-2376.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 31, 1986.
Decided Sept. 25, 1986.
 
 Roger D. Forman, on brief, for petitioner.
 George R. Salem, Deputy Solicitor, Donald S. Shire, Associate Solicitor, J. Michael O'Neill, Counsel for Appellate Litigation, Thomas L. Holzman, Assistant Counsel for Appellate Litigation, Jeffrey L. Bernstein, Attorney, United States Department of Labor, on brief, for respondent.
 Ben. Rev. Bd.
 AFFIRMED.
 Before RUSSELL, HALL and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Linda Vannatter, as executrix of the estate of Gladys Vannatter Hager, petitions for review of the decision of the Benefits Review Board (Board) affirming the Administrative Law Judge's (ALJ) denial of black lung survivor benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. Secs. 901 et seq. We affirm.
 
 
 2
 A hearing was conducted before an ALJ in Logan, West Virginia. The ALJ concluded that Walter Vannatter (the miner and original claimant) had invoked the interim presumption that he was totally disabled, pursuant to 2 C.F.R. Sec. 727.203(a)(1), but that the presumption was rebutted pursuant to 20 C.F.R. Sec. 727.203(b) (1) and (b) (3). The Board affirmed the ALJ's decision, finding that substantial evidence supported the ALJ's conclusion that the interim presumption was rebutted under 20 C.F.R. Sec. 727.203 (b) (1) and (b) (3) . On appeal Vannatter contends that the ALJ should have invoked the interim presumption under 20 C.F.R. Sec. 727.203(a) (2) on the basis of a pulmonary function study which met the table standards for raising the presumption. Addition ally, Vannatter contends that the ALJ erred in finding rebuttal.
 
 
 3
 Regarding Vannatter's first contention, the ALJ found that the study did not conform to the required quality standards because there were only two, rather than three, Mvv tracings. Additionally, even if the ALJ had erred in failing to trigger the presumption under Sec. 727.203 (a) (2) any such error would be harmless, as the presumption was raised under subsection (a) (1) . Collier v. Westmoreland Coal Co., 5 BLR 1-419 (1982), Vannatter's first contention is, therefore, without merit.
 
 
 4
 Furthermore, we agree with the Board that the presump tion was rebutted under Sec. 727.203(b) (3). In concluding that the presumption was rebutted, the ALJ considered all of the relevant medical evidence before him. See Stapleton v. Westmoreland Coal Co., 785 F.2d 424 (4th Cir. 1986) (en banc) . The ALJ found rebuttal under Sec. 727.203(b) (3) on the basis of three physician's reports concluding that Vannatter's death due to lung cancer was not caused by his coal mine employment. We find that the decision of the Benefits Review Board affirming the ALJ is supported by substantial evidence and is in accordance with the law. 33 U.S.C. Sec. 921(b) (3). See Zbosnik v. Badger Coal Co., 759 F.2d 1187, 1189-90 (4th Cir. 1985).
 
 
 5
 However, we do not agree with the ALJ's finding of rebuttal under Sec. 727.203(b) (1). Under (b) (1), the presumption of pneumoconiosis is rebutted where there is evidence that the miner was still performing his usual mine work or comparable and gainful work at the time of his death. Because Vannatter was hospitalized during the last week of his life, it is clear that he was not performing his usual work at the time of his death. Thus, we find 5 727.203(b) (1) inapplicable. Nevertheless, rebuttal under 5727.203(b) (3) was proper.
 
 
 6
 Because the dispositive issues have recently been decided authoritatively, we dispense with oral argument. The decision of the Benefits Review Board is affirmed.
 
 
 7
 AFFIRMED.