807 F.2d 175
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lawrence MUNCY, Petitioner,
v.
ELMINA COAL COMPANY, a corporation, and Director, Office of
Workers' Compensation, jointly, and severally, Respondents.
 No. 86-3025.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 31, 1986.
Decided Dec. 10, 1986.
 
 Before RUSSELL, WIDENER and SPROUSE, Circuit Judges.
 Richard Engram, Jr., on brief, for petitioner;
 Ronald E. Meisburg, William D. Florman, on brief, for respondents.
 PER CURIAM:
 
 
 1
 Lawrence Muncy petitions for review of the Benefits Review Board's (BRB's) order affirming the Administrative Law Judge's (ALJ's) denial of his claim for benefits under the Black Lung Benefits Act, 30 U.S.C. Secs. 901, et seq. The facts and legal arguments are adequately presented in the parties' briefs and the record on appeal, and the decisional process would not be significantly aided by oral argument. Accordingly, we dispense with oral argument pursuant to Rule 34(a), Fed.R.App.P., and Local Rule 34(a), and affirm the order of the Benefits Review Board.
 
 
 2
 This Court's review of the BRB's order is governed by Sec. 21 of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. Sec. 921 ("the Act"); 30 U.S.C. Sec. 932(a). We ruled quite recently that "[t]he Board's resolution of questions of statutory construction or application of the act to the particular facts of a case must be upheld if supported by a reasonable factual and legal basis." Eplion v. Director, 794 F.2d 935, 936 (4th Cir.1986).
 
 
 3
 The Board must affirm the factual findings of the ALJ if they are supported by substantial evidence and are in accordance with the law. 33 U.S.C. Sec. 921(b)(3); 20 C.F.R. Sec. 802.310; Eplion v. Director, 794 F.2d at 936; Zbosnik v. Badger Coal Co., 759 F.2d 1187 (4th Cir.1985). Here the Board found substantial evidence to support the ALJ's conclusion that the interim presumption of total disability had been invoked and rebutted, and that petitioner was not disabled from a pulmonary standpoint. We cannot say that this was error.
 
 
 4
 After 15 years employment in the nation's coal mining industry, where he was continually exposed to coal dust, Lawrence Muncy quit work in 1980 and filed for disability benefits under the Act; his claim was initially approved. However, his employer controverted the award of benefits and the matter proceeded to a hearing before the ALJ, who found that while Muncy was entitled to the interim presumption of total disability[1] pursuant to 20 C.F.R. Sec. 727.203(a)(3), based upon the results of blood gas studies, the presumption was effectively rebutted[2] pursuant to 20 C.F.R. Sec. 727.203(b)(2), by the expert opinion of his personal physician and certain non-qualifying test results[3] tending to prove that Mr. Muncy had the pulmonary/respiratory capacity to perform gainful work comparable to his coal mine employment on the date of the hearings.
 
 
 5
 The principal medical evidence before the ALJ consisted of the conflicting medical reports of Gary Craft, M.D., who examined Mr. Muncy in 1974, J.R. Hatfield, M.D., who examined him in 1975, and S. Tantulavanich, M.D., Muncy's personal physician, who examined him in 1983. Doctor Craft interpreted a chest x-ray taken in the course of his 1974 examination as being "compatible with a diagnosis of pneumoconiosis." His report continued, "In my opinion, this man has definite pneumoconiosis.... [I]t would be impossible for him to perform full-time gainful employment in a dusty environment due to the severity of his pneumoconiosis." However, the ALJ observed that "Dr. Craft has no known qualifications as an x-ray reader, as he is not Board-certified in radiology and is not a 'B' reader," and that "the medical signs and symptoms noted by Dr. Craft did not appear to support his conclusion, other than the x-ray that he, himself, had read."
 
 
 6
 Dr. Hatfield's examination, in 1975, found possible angina pectoris unrelated to coal mine employment and "no apparent impairment."
 
 
 7
 Conversely, Dr. Tantulavanich (board certified in internal medicine) concluded, based upon his examination of Mr. Muncy some seven years after Dr. Craft's examination and within one year of Muncy's claim for benefits, that the patient "has no physical restriction or limitation at the present time." Dr. Tantulavanich's opinion was based in part on an x-ray interpretation rendered by R.O. Gale, M.D., a board-certified radiologist and "B" reader,[4] who rated Muncy's condition in 1981 as merely "borderline simple pneumoconiosis."
 
 
 8
 Confronted with these conflicts in the doctors' opinions, the ALJ permissibly discounted Dr. Craft's seven year-old report in favor of the then-current reports of Drs. Tantulavanich and Gale, particularly since Dr. Gale possessed superior credentials as an interpreter of x-rays. The ALJ also observed that the reports of Drs. Tantulavanich and Gale indicated an improvement--rather than the expected deterioration--in Mr. Muncy's lungs in the years following Dr. Craft's examination, notwithstanding that this was a period that Mr. Muncy continued working in the coal mines. This finding is clearly inconsistent with pneumoconiosis, which is a progressively-degenerative malady.
 
 
 9
 The ALJ found, and the record amply supports, that the available medical evidence effectively rebutted the interim-presumption and, further, established that Muncy was not totally disabled due to pneumoconiosis. Consequently, the ALJ rejected Mr. Muncy's claim for black lung benefits; the Board affirmed.
 
 
 10
 Muncy's claims in this appeal are largely argumentative. He filed with this Court a number of paperwritings from various physicians and former employers, all dated in 1985 and 1986, purporting to buttress his claim of being totally disabled due to pneumoconiosis. However, these were not presented to the ALJ, were not made a part of the record reviewed by the Board, are not a part of the record properly before us, and will not now be considered by this Court.
 
 
 11
 Contrary to Muncy's appellate arguments, we conclude that the record discloses that the ALJ did not abuse his discretion, did not abrogate his responsibilities to review the full record, and did not err in his consideration of the evidence properly before him. The ALJ's factual findings are clearly supported by substantial evidence of record, are in accordance with the law, and the Board properly affirmed the denial of black lung benefits. The decision of the Benefits Review Board is affirmed.
 
 AFFIRMED
 
 
 [1]
 20 C.F.R. Sec. 727.203(a) establishes a rebuttable presumption, frequently referred to in black lung cases as the "interim presumption," that an applicant for black lung benefits under the Act will be deemed totally disabled due to pneumoconiosis arising out of his employment in the coal industry provided the applicant can establish (i) that he was employed in coal mining, (ii) for at least ten years, and (iii) that he exhibits evidence of pneumoconiosis based upon any one or more of the following clinical evaluations: (1) lung x-ray interpretations, (2) lung ventilatory measurements, (3) blood gas studies, or (4) other medical evidence
 
 
 [2]
 The interim presumption of total disability is rebuttable, under 20 C.F.R. Sec. 727.203(b), provided the evidence establishes that (1) the applicant is still performing his usual coal mining work or comparable, gainful work; (2) he is able to perform his usual coal mining work or comparable, gainful work; (3) his death or disability did not arise in whole or in part out of coal mine employment; or (4) he does not have pneumoconiosis
 
 
 [3]
 A "non-qualifying" test is merely one insufficient to invoke the interim presumption; see n. 1, supra
 
 
 [4]
 The Public Health Service's National Institute for Occupational Safety has established a system for rating x-ray interpreters/evaluators: "B" readers are regarded as having the greatest expertise in reading x-ray film for evidence of pneumoconiosis. 42 C.F.R. Sec. 37.51; see Sharpless v. Califano, 585 F.2d 664, 667 (4th Cir.1978)