823 F.2d 549
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Bert WEBB, Petitioner,
v.
WESTMORELAND COAL COMPANY, Respondent,
Director, Office of Workers' Compensation Programs, United
States Department of Labor, Party in Interest.
 No. 85-1980.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 30, 1987.
Decided June 24, 1987.
 
 Ben.Rev.Bd.
 AFFIRMED.
 On Petition for Review of an Order of the Benefits Review Board.
 S.F. Raymond Smith, United Mine Workers of America, on brief, for petitioner.
 Laura E. Beverage, Jackson, Kelly, Holt & O'Farrell, on brief, for respondent.
 Before ERVIN, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Bert Webb petitions for review of an order of the Benefits Review Board [hereinafter "Board"] affirming the Administrative Law Judge's [hereinafter "ALJ's"] denial of his application for disability benefits available to certain coal workers under the Federal Coal Mine Health and Safety Act of 1969, as amended by the Black Lung Benefits Act of 1972 and the Black Lung Benefits Reform Act of 1977, 30 U.S.C. Secs. 901-945. The facts and legal arguments are adequately presented in the parties' briefs and the record on appeal, the dispositive issues have been recently decided authoritatively, and the decisional process would not be significantly aided by oral argument. Accordingly, we dispense with oral argument pursuant to Fed. R. App. P. 34(a) and Local Rule 34(a), and affirm the order of the Board.
 
 
 2
 Bert Webb labored approximately 45 years in the nation's coal mining industry, where he was continually exposed to coal dust. He retired in 1977 and subsequently applied for black lung disability benefits. His employer controverted his application and the issue eventually proceeded to a hearing before the ALJ, who found that while Webb was entitled to the interim presumption of total disability,[1] based upon the expert medical opinion of one examining physician, Dr. Gary Craft, the presumption was effectively rebutted[2] by a combination of non-qualifying' studies and expert medical opinions of other physicians which the ALJ concluded were "clearly sufficient to demonstrate that [Webb] is not totally disabled due to pneumoconiosis."
 
 
 3
 The principal medical evidence before the ALJ consisted of a series of fourteen conflicting x-ray interpretations made between mid-October 1979 and mid-February 1981, ten of which were re-read between mid-December 1979 and late July 1982; three conflicting ventilatory studies made between mid-October 1979 and early February 1981; three conflicting blood-gas studies made between mid-October 1979 and late May 1980; and six conflicting physicians' reports.
 
 
 4
 Ten of the x-ray interpretations were interpreted by B-readers[3] or board-certified physicians[4] as being negative for the presence of pneumoconiosis; one board-certified B-reader interpreted two x-rays as positive for pneumoconiosis; three other non-radiologist, non-board-certified physicians rendered positive x-ray interpretations. The ALJ weighed the conflicting x-ray interpretations and concluded that the interim presumption was not invokable because the weight of the more credible interpretations tended to a negative, rather than a positive, finding of the presence of pneumoconiosis. This procedure and conclusion constituted error, as is detailed below, but are harmless under the facts.
 
 
 5
 Of the three ventilatory studies admitted into evidence before the ALJ, two were non-qualifying, one was qualifying.[5] The two later studies were non-qualifying; the ALJ correctly reasoned that the progressively degenerative nature of pneumoconiosis tended to be inconsistent with progressively improving ventilatory studies. Consequently, he elected not to invoke the interim presumption on the basis of the non-qualifying ventilatory studies; this too was error, but harmless, as is discussed below.
 
 
 6
 Similarly, of three blood-gas studies admitted into evidence, the two latest were non-qualifying, the earliest was qualifying. Again, the ALJ correctly reasoned that the expected course of pneumoconiosis would produce progressively worse -rather than better--blood-gas studies; thus he elected not to invoke the interim presumption on the basis of the non-qualifying studies. This was, likewise, harmless error.
 
 
 7
 The last element of medical evidence admitted before the ALJ was a number of medical reports and evaluations submitted by physicians. One of these--a February 1981 report by Dr. Gary Craft--was found by the ALJ to be sufficient to invoke the interim presumption under 20 C.F.R. Sec. 727.203(a)(4). However, in weighing Dr. Craft's conclusions against the medical reports and opinions of five other physicians who concluded in their expert judgment that Webb was not totally disabled by pneumoconiosis, the ALJ found that the interim presumption was rebutted pursuant to 20 C.F.R. Sec. 727.203(b)(2); Webb's application for benefits was denied accordingly.
 
 
 8
 We held in Stapleton v. Westmoreland Coal Co., 785 F.2d 424 (4th Cir. 1986) (en banc), cert, granted sub nom. Mullins Coal Co. v. Director, Office of Workers' Compensation Programs, 55 U.S.L.W. 3463 (U.S. Jan. 13, 1987) (No. 86-327), that
 
 
 9
 the interim presumption under Sec. 727.203(a)(1), (2) or (3) is established when there is credible evidence that a qualifying x-ray indicates the presence of pneumoconiosis, a single qualifying set of ventilatory studies indicates, pursuant to the regulatory standard, a chronic respiratory or pulmonary disease, or a single qualifying set of blood gas studies indicates, pursuant to the regulatory standard, an impairment in the transfer of oxygen from the lungs to the blood.
 
 
 10
 785 F.2d at 426. We also held in Stapleton that the interim presumption under 20 C.F.R. SS 727.203(a)(4) is established by one qualifying physician's opinion, regardless of the number of negative opinions. 785 F.2d at 426. Accordingly, error is apparent in the ALJ's decisions not to invoke the interim presumption on the bases of the qualifying x-rays, the qualifying ventilatory study, and the qualifying blood-gas study. However, since the presumption was validly invoked on the basis of Dr. Craft's expert opinion, the failure to invoke it under other criteria is harmless.
 
 
 11
 The larger, dispositive issue in this appeal is whether the ALJ, in determining rebuttal of the interim presumption, considered and weighed all relevant medical evidence, including non-qualifying x-rays, test results, and physicians' opinions, regardless of the regulatory section under which the presumption was invoked, see Stapleton v. Westmoreland Coal Co., 785 F.2d at 427, and whether the conclusion he drew therefrom is supported by substantial evidence and is in accordance with law.
 
 
 12
 The Board's scope of review of the ALJ's decision and order is governed by statute and regulation: The Benefits Review Board is not empowered to engage. in a de novo proceeding or unrestricted review of a case brought before it. The Board is authorized to review the findings of fact and conclusions of law on which the decision or order appealed from was based. Such findings and conclusions may be set aside only if they are not, in the judgment of the Board, supported by substantial evidence in the record considered as a whole or in accordance with law.
 
 
 13
 20 C.F.R. SS 802.301; 33 U.S.C. SS 921(b)(3). Wilson v. Benefits Review Board, 748 F.2d 198, 200 (4th Cir. 1984); see also Zbosnik v. Badger Coal Co., 759 F.2d 1187, 1189 (4th Cir. 1985). We consider, as did the Board, whether there was substantial evidence to support the decision of the ALJ. Zbosnik, 759 F.2d at 1189-90.
 
 
 14
 The Board must affirm the factual findings of the ALJ if they are supported by substantial evidence and are in accordance with the law. 33 U.S.C. Sec. 921(b)(3); 20 C.F.R. Sec. 802.301; Eplion v. Director, Office of Workers' Compensation Programs, 794 F.2d 935 (4th Cir. 1986); Zbosnik v. Badqer Coal Co., 759 F.2d 1187 (4th Cir. 1985). Here the Board found substantial evidence to support the ALJ's conclusion that the interim presumption of total disability had been invoked and rebutted, and that the petitioner was not totally disabled due to coal worker's pneumoconiosis.
 
 
 15
 This Court's review of the Board's order is governed by Sec. 21 of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. Sec. 921; see also 30 U.S.C. Sec. 932(a). We have ruled that "the Board's resolution of questions of statutory construction or application of the Act to the particular facts of a case must be upheld if supported by a reasonable factual and legal basis." Eplion v. Director, Office of Workers' Compensation Programs, 794 F.2d 935, 936 (4th Cir. 1986).
 
 
 16
 The record before this Court discloses that the ALJ carefully reviewed all the relevant medical evidence in considering whether the interim presumption was rebutted; we cannot say that the conclusions he drew from that evidence were either erroneous or not supported by the evidence.
 
 
 17
 As is recited above, the ALJ properly concluded from the progressively improving ventilatory studies and blood-gas studies that Bert Webb's physical condition was inconsistent with the prognosis for pneumoconiosis. More importantly, the combination of non-qualifying test results and the expert opinions of five physicians that Webb is not disabled due to pneumoconiosis, as construed by the ALJ, strongly support the conclusion that the presumption was rebutted and that benefits are to be denied.
 
 
 18
 A fair review of the ALJ's decision and order rejecting Bert Webb's claim discloses that the ALJ thoroughly and exhaustively considered all the relevant medical evidence pertaining to the case presented to him. He assiduously compared the objective medical data to the statutory and regulatory standards governing proof of pneumoconiosis, and found Webb's proof lacking.
 
 
 19
 We conclude that the ALJ's findings and conclusions are amply supported by substantial evidence appearing in the record and that there is a reasonable factual and legal basis for the Board's affirming the ALJ's decision and order. Consequently, we affirm the Board's decision and order.
 
 
 20
 AFFIRMED.
 
 
 
 [1]
 20 C.F.R. Sec. 727.203(a) establishes a rebuttable presumption, frequently referred to in black lung cases as the "interim presumption," that an applicant for black lung benefits under the Act will be deemed totally disabled due to pneumoconiosis arising out of his employment in the coal industry provided the applicant can establish that he was employed in coal mining for at least ten years and that he exhibits evidence of pneumoconiosis based upon any one or more of the following clinical evaluations: (1) lung x-ray interpretations, (2) lung ventilatory measurements, (3) blood-gas studies, or (4) other medical evidence
 
 
 [2]
 The interim presumption of total disability is rebuttable under 20 C.F.R. Sec. 727.203(b), provided the evidence establishes that (i) the applicant is still performing his usual coal mining work or comparable, gainful work; (ii) he is able to perform his usual coal mining work or comparable, gainful work; (iii) his death or disability did not arise in whole or in part out of coal mine employment; or (iv) he does not have pneumoconiosis
 
 
 [3]
 A "B-reader" is a physician whose expertise in assessing and classifying x-ray evidence of pneumoconiosis and other pulmonary disorders has been demonstrated to and approved by the National Institute of Occupational Safety and Health, U.S. National Health Service, pursuant to 42 C.F.R. Sec. 27.51
 
 
 [4]
 The American Board of Radiology, Inc., and the American Osteopathic Association have procedures for testing and certifying non-radiologist physicians as competent to interpret x-rays for evidence of pneumoconiosis and other pulmonary disorders
 
 
 [5]
 By "qualifying" or "non-qualifying" we mean only that the results were sufficient, if "qualifying," or insufficient, if "non-qualifying," in quality and conformance with the applicable regulatory standards to invoke the interim presumption