842 F.2d 1292
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James L. PANNELL, Petitioner,
v.
UNITED STATES STEEL CORPORATION, Director, Office of Worker
Compensation Programs, United States Department of
Labor, Respondents.
 86-3103.
 United States Court of Appeals, Fourth Circuit.
 March 17, 1988.
 
 S.F. Raymond Smith, United Mine Workers of America, on brief, for Petitioner.
 Louis A. Raimond, USX Corporation, for Respondent United States Steel Corporation. Donald Steven Shire, Associate Solicitor, Roscoe Conkling Bryant, III, United States Department of Labor, for Respondent Director, Office of Workers Compensation Programs.
 Before JAMES DICKSON PHILLIPS, ERVIN, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 James Pannell, an ex-coal miner, petitions for review of the decision of the Benefits Review Board (Board) affirming the Administrative Law Judge's (ALJ's) denial of benefits under the Federal Coal Mine Health & Safety Act of 1969, as amended, 30 U.S.C. Secs. 901 et seq. (Black Lung Act).
 
 
 2
 Pannell worked in the mines for over thirty years. Pannell's last job at the mines was as a roof bolter which required that he bolt pins to hold the roof in place as the mines were dug. Pannell's duties also required setting timbers and rock dusting. In 1980, at the direction of his doctor, Pannell left his job at the mines after having two heart attacks.
 
 
 3
 At the hearing before the ALJ, medical evidence was introduced including X-rays, blood gas studies, pulmonary function tests, and the medical opinions of Dr. D.L. Rasmussen and Dr. James R. Castle. Dr. Rasmussen concluded that Pannell was incapable of performing steady work beyond sedentary levels. Dr. Castle concluded, however, that no objective evidence indicated that Pannell had coal workers pneumoconiosis. It was Dr. Castle's opinion that Pannell "is not permanently and totally disabled from performing his usual coal mine activity at this time, related to any type of pulmonary impairment. He may be disabled because of his cardiovascular disease, but this is not related to his coal mine employment."
 
 
 4
 The ALJ invoked the interim presumption of disability due to pneumoconiosis under 20 C.F.R. Sec. 727.203(a)(1) based on positive X-ray results, but found that the presumption was rebutted under 20 C.F.R. Sec. 727.203(b)(2). The ALJ based his rebuttal finding on Dr. Castle's report, discounting Dr. Rasmussen's report because it did not indicate that he had conducted a physical examination of Pannell and was not sufficiently reasoned. The Board affirmed the ALJ's denial of benefits.
 
 
 5
 On appeal Pannell argues that the ALJ failed to explain his reasoning for crediting Dr. Castle's report over Dr. Rasmussen's. This, however, is incorrect. The ALJ noted that Dr. Castle's opinion was based on a more thorough and well-reasoned review of all the evidence and included a physical examination. Pannell also argues that reliance on Dr. Castle's report was improper in that the report did not consider his work history. The Board rejected this contention on the basis that work history need not be considered where the claimant is found not to have any pulmonary disability, and that the ALJ could properly find, based on Dr. Castle's report, that Pannell had no pulmonary disability. We agree with this analysis, although we note that the ALJ's findings in this case establish rebuttal under Sec. 727.203(b)(3) rather than (b)(2).
 
 
 6
 The interim presumption of disability due to pneumoconiosis is rebutted under (b)(2) upon a showing that the claimant is able to do his usual coal mine work or comparable and gainful work. As argued by Pannell, such a showing requires consideration of "the health requirements for work comparable to that performed by the claimant." Sykes v. Director, Office of Workers' Compensation Programs, 812 F.2d 890, 893 (4th Cir.1987). Moreover, rebuttal under (b)(2) is improper where a miner is totally disabled "for whatever reason," there being no inquiry into causation in a proper (b)(2) rebuttal. Id. at 893-94 (emphasis in original). Here, the record suggests that Pannell is disabled due to cardiovascular disease. Rebuttal under (b)(3), on the other hand, depends upon a showing that the claimant's disability did not arise in whole or in part out of coal mine employment. Dr. Castle's opinion, that there is no disability related to Pannell's employment, is sufficient to establish rebuttal under (b)(3).*
 
 
 7
 We, therefore, find that the Board's denial of benefits is supported by substantial evidence contained in the record. See Eplion v. Director, Office of Workers' Compensation Programs, 794 F.2d 935 (4th Cir.1986); Zbosnik v. Badger Coal Company, 759 F.2d 1187, 1189-90 (4th Cir.1985). Accordingly, we affirm the order of the Board. Finding that the dispositive issues have been decided authoritatively, we dispense with oral argument pursuant to Fed.R.App.P. 34(a) and Local Rule 34(a).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The ALJ's conclusion that (b)(3) was not available to the employer is incorrect. Dr. Castle's opinion specifically states that Pannell's disability did not arise from his employment as a coal miner, which is sufficient to satisfy the (b)(3) requirements