850 F.2d 690
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Arthur THACKER, Petitioner-Appellant,
v.
DEEL BROTHERS COAL COMPANY, and Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents-Appellees.
 No. 86-1133.
 United States Court of Appeals, Fourth Circuit.
 Argued: March 8, 1988.
Decided: June 30, 1988.
 
 C. Randall Lowe, Yeary, Tate & Lowe, P.C., for petitioner-appellant.
 Mark E. Solomons, Arter & Hadden, for respondent-appellee Deel Brothers Coal Company.
 Barbara J. Johnson and Jeffrey J. Bernstein, counsel for Director, Office of Workers' Compensation Programs, United States Department of Labor, respondent-appellee.
 Before WIDENER and MURNAGHAN, Circuit Judges, and JAMES B. McMILLAN, District Judge for the Western District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Petitioner Arthur Thacker filed a claim on November 21, 1978, for benefits under the Black Lung Benefits Act, as amended, 30 U.S.C. Sec. 901 et seq.
 
 
 2
 Thacker's claim was denied on August 28, 1983, by an administrative law judge (ALJ) of the Department of Labor (Joint Appendix at 7). On April 30, 1986, the Benefits Review Board affirmed the ALJ's decision (Joint Appendix at 2). This appeal followed.
 
 
 3
 This court has jurisdiction to review the denial of Thacker's claim under Section 21(c) of Longshore and Harbor Workers Act, 33 U.S.C. Sec. 921(c), incorporated by reference into Section 422(a) of the Black Lung Benefits Act, 30 U.S.C. Sec. 932(a). See, Director v. National Mines Corporation, 554 F.2d 1267 (4th Cir.1977).
 
 I.
 
 4
 Arthur Thacker was 47 years old at the time the ALJ heard his claim. He has a fourth grade education. Thacker worked in the mines for 17.5 years, spending the last 2.5 years as a cutting machine helper. That job required "much walking, lifting as much as 75-80 pounds, pulling cables and drilling coal" (Joint Appendix at 10).
 
 
 5
 Thacker testified at the hearing that he began having shortness of breath in 1974, and that his activities at home were subsequently limited by that condition. Thacker also testified that he had smoked half a pack of cigarettes a day for ten to fifteen years, but quit smoking in 1964 (Joint Appendix at 10-11).
 
 
 6
 Thacker left the mines in 1977, when he suffered a herniated disc in a work-related accident. His back injury prevents him from walking considerable distances. Id.
 
 II.
 
 7
 A miner is entitled to benefits under the Black Lung Benefits Act if he or she is totally disabled, if the disability was caused, at least in part, by pneumoconiosis, and if the disability arose out of coal mine employment. Mullins Coal Company v. Director, OWCP, 108 S.Ct. 427, 431 (1987). Claims filed between July 1, 1973, and April 1, 1980, are properly adjudicated under interim regulations promulgated by the Secretary of Labor and codified at 20 C.F.R. part 727. Mullins, 108 S.Ct. at 429. Petitioner's claim, filed in 1978, was evaluated under the interim regulations.
 
 
 8
 The interim regulations provide that a rebuttable presumption of entitlement to benefits arises if the claimant was employed in coal mining for at least ten years and the claimant meets one of four medical criteria. 20 C.F.R. Sec. 727.203(a); Mullins, supra, at 431.
 
 
 9
 In Stapleton v. Westmoreland Coal Co., 785 F.2d 424 (4th Cir.1986) (en banc), this Court held, inter alia, that one piece of qualifying medical evidence was sufficient to trigger the interim presumption, under 20 C.F.R. 727.203(a)(1), (2), or (3), and to shift the burden of proof in rebutting the presumption to the party opposing the claimant's eligibility. Stapleton, 785 F.2d at 426.
 
 
 10
 The reversal of this holding was the focus of the Supreme Court's opinion in Mullins. The Mullins court held that an ALJ should weigh relevant evidence to determine whether any of the presumption facts are established by a preponderance of the evidence. Mullins, 108 S.Ct. at 429.
 
 
 11
 The ALJ utilized this weighing approach in determining whether Thacker's medical evidence was sufficient to trigger the interim presumption under 20 C.F.R. Sec. 727.203. Petitioner argues in his brief, filed prior to the Supreme Court's decision in Mullins, that this approach was erroneous because it was inconsistent with the Circuit's holding in Stapleton. As petitioner concedes in his supplemental brief, this argument carries no weight after Mullins.
 
 III.
 
 12
 The ALJ considered the evidence relevant to each presumption fact, and concluded that the evidence was insufficient to establish any of the four facts. We review this determination under the substantial evidence standard. Zbosnik v. Badger Coal Co., 759 F.2d 1187, 1189-90 (4th Cir.1985). We affirm this determination because there is substantial evidence in the record as a whole to support it.
 
 
 13
 The x-ray evidence consists of positive readings in 1975, 1978, 1979, and 1980. All positive readings were later re-read by B-readers as negative.
 
 
 14
 The ALJ could properly give greater weight to the B-reader interpretations. Chubb v. Consolidation Coal Co., 741 F.2d 968, 971 (7th Cir.1984). We therefore find the ALJ's determination that the x-ray evidence did not establish the presence of pneumoconiosis to be supported by substantial evidence.
 
 
 15
 Petitioner does not challenge the ALJ's conclusion that the ventilatory studies yielded non-qualifying results.
 
 
 16
 The ALJ found that the blood gas studies presented a close question, but concluded that they did not establish an impairment in oxygen transfer from the lungs to the bloodstream sufficient to trigger the presumption. The ALJ relied in part on a medical opinion by Richard P. O'Neill, a non-examining physician who reviewed Thacker's medical records. Petitioner contends that this reliance was misplaced.
 
 
 17
 Petitioner interprets Mullins to allow the ALJ to weigh only "like-kind" evidence in determining whether the interim presumption was invoked. The ALJ erred, petitioner contends, because the blood gas studies are not of "like-kind" with Dr. O'Neill's opinion interpreting them.
 
 
 18
 Petitioner's argument raises a novel issue in the application of Mullins. However, this is an issue we need not reach in this case.
 
 
 19
 The closeness of the blood gas question was exaggerated by the ALJ's mistaken reading of test No. 3 as presenting a qualifying value. Test No. 3 in fact yielded a non-qualifying value, slightly out of qualifying range. Three of the four blood gas studies yielded non-qualifying results. The last study, an exercise study, yielded a value for arterial oxygen well above the qualifying range. We therefore hold that the ALJ's conclusion that the blood gas studies did not trigger the interim presumption was supported by substantial evidence.
 
 
 20
 Finally, there is substantial medical opinion evidence supporting the ALJ's determination that other medical evidence did not establish "a totally disabling respiratory impairment." See, 20 C.F.R. Sec. 727.203(a)(4).
 
 
 21
 Because we find that substantial evidence supports the ALJ's conclusion that petitioner's evidence was insufficient to trigger the interim presumption, we do not reach the question whether the presumption was rebutted under 20 C.F.R. Sec. 727.203(b).
 
 
 22
 The administrative law judge's decision denying Arthur Thacker's claim for black lung benefits is therefore AFFIRMED.