894 F.2d 401
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Reidy DAVIDSON, Petitioner,
v.
CONSOLIDATION COAL COMPANY; Director, Office of Workers
Compensation Program, United States Department of
Labor, Respondents.
 No. 89-1722.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 30, 1989.
Decided: Jan. 16, 1990.
 
 Gaynon Richard Bunner (Frank Mascara, on brief), for petitioner.
 David Allen Barnette (Jackson & Kelly, on brief), for respondents.
 Before K.K. HALL, MURNAGHAN and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Reidy W. Davidson petitions for review of the Benefits Review Board's ("Board") affirmance of the Administrative Law Judge's ("ALJ") decision and order denying benefits under the Black Lung Benefits Act ("Act"), 30 U.S.C. Secs. 901 et seq. Because there is substantial evidence to support the Board's order, we affirm.
 
 I.
 
 2
 Davidson worked as an underground coal miner for approximately 30 years before he retired at age sixty in 1974. He filed this claim for black lung benefits on April 9, 1976. A formal hearing was held before an ALJ on June 26, 1981. At that hearing, medical evidence was introduced consisting of x-rays, pulmonary function tests, blood gas studies and reports of physicians.
 
 
 3
 Five x-rays were admitted into evidence. A September 4, 1974, x-ray was read by Dr. Harron as compatible with simple pneumoconiosis. Dr. Harron read a May 20, 1976, x-ray as negative for pneumoconiosis. Dr. Walker read a May 22, 1979, x-ray as positive for pneumoconiosis. Subsequently, however, four B-readers read the May 22 x-ray as negative. A December 11, 1979, x-ray was read as negative by Dr. Francke (a B-reader) but as positive by Dr. Turner. Finally, a December 11, 1980, x-ray was read as negative by Dr. Renn. Four pulmonary function studies were also admitted into evidence. One was qualifying; the results of three others were non-qualifying. In addition, four arterial blood gas studies were non-qualifying.
 
 
 4
 Several medical reports were admitted into evidence. Dr. Walker found that Davidson was totally disabled due to pneumoconiosis. Dr. Post found him disabled from everything except light housework due to chronic bronchitis-emphysema related to his coal mine employment. Dr. Rasmussen, who had the only qualifying pulmonary function test results, found at least minimal loss of respiratory functional capacity. Dr. Renn testified that he found no respiratory impairment and thought Dr. Rasmussen's results were invalid because the claimant had exerted less than maximal effort. Dr. Kress filed a consultative report in which he found no significant pulmonary or respiratory impairment and thought there was considerable doubt as to whether the claimant demonstrated any evidence of pneumoconiosis.
 
 
 5
 In an order issued March 5, 1982, the ALJ found the evidence insufficient to support invocation of the interim presumption of disability under any subsection of 20 C.F.R. Sec. 727.203. And, because he also found that the evidence failed to establish that Davidson had pneumoconiosis or any totally disabling respiratory condition, he denied benefits.
 
 
 6
 The Board affirmed the denial of benefits; but, on appeal, this Court remanded the claim, holding that the interim presumption should have been invoked under Sec. 727.203(a)(1), (a)(2) and (a)(4) in view of Stapleton v. Westmoreland Coal Co., 785 F.2d 424 (4th Cir.1986), rev'd sub nom. Mullins Coal Co. v. Director, OWCP, 108 S.Ct. 427 (1987). Upon remand, the ALJ applied Stapleton and found invocation of the interim presumption, but found rebuttal under Sec. 727.203(b)(4) established by evidence that the claimant did not have pneumoconiosis.
 
 
 7
 The ALJ relied in part on the opinion of Dr. Renn, a board-certified pulmonary specialist whom the ALJ found to have the most credible medical opinion in the record. Dr. Renn testified that the x-ray evidence was negative and that there was no objective evidence in the record of pneumoconiosis.[1] On the basis of Dr. Renn's opinion and the fact that all of the x-ray readings by B-readers were negative for pneumoconiosis, the ALJ found the interim presumption rebutted. On appeal, the Board found that the medical evidence in this case did not support invocation of the presumption in light of the intervening decision in Mullins and reinstated its order affirming the ALJ's initial finding that the presumption was not invoked.[2] Davidson appeals.
 
 II.
 
 8
 The only question to be answered is whether there was substantial evidence to support the ALJ's original finding that the evidence did not support invocation of the presumption. This Court's reversal of that finding was based solely on our holding in Stapleton that pursuant to 20 C.F.R. Sec. 727.203(a)(1-4) the interim presumption is established when there is credible evidence that a single qualifying x-ray indicates the presence of pneumoconiosis; a single qualifying set of ventilatory studies indicates a chronic respiratory or pulmonary disease; or a single qualifying set of blood gas studies indicates an impairment in the transfer of oxygen from the lungs to the blood. Stapleton also held that one physician's qualifying opinion establishes the presumption. Stapleton v. Westmoreland Coal Co., 785 F.2d at 436.
 
 
 9
 Stapleton was subsequently reversed in Mullins where the Supreme Court held that a single item of qualifying evidence is not always sufficient to invoke the interim presumption; rather, the claimant must establish the invocation of the presumption by a preponderance of the evidence. Mullins Coal Co. v. Director, OWCP, 108 S.Ct. at 433-41.
 
 
 10
 In this case, the overwhelming weight of the objective medical evidence was negative. Not one B-reader read an x-ray as positive for pneumoconiosis; only one of four pulmonary function tests was qualifying and the results of that test were disputed; and four blood gas studies were non-qualifying. In addition, Drs. Renn and Kress found no respiratory impairment. Although Dr. Walker and Dr. Post found Davidson disabled, their conclusions were not supported by physical findings.
 
 
 11
 On the basis of this evidence, we conclude that the ALJ's decision denying invocation of the interim presumption was supported by substantial evidence. The order of the Board upholding that decision is, therefore, affirmed.[3] Eplion v. Director, OWCP, 794 F.2d 935 (4th Cir.1986); Zbosnik v. Badger Coal Co., 759 F.2d 1187 (4th Cir.1985).
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 To buttress his argument that the evidence shows that he suffers from pneumoconiosis, Davidson points out that Dr. Renn originally found sufficient x-ray evidence to justify a diagnosis of coal workers' pneumoconiosis. What he fails to state, however, is that Dr. Renn testified that after he became a certified B-reader, he reread the x-rays used in his exam and that of Dr. Walker and concluded that there was no x-ray evidence of pneumoconiosis. He testified that his report should be amended to indicate that there was no objective x-ray evidence of pneumoconiosis
 
 
 [2]
 Even though it held that invocation of the presumption was improper in light of the Supreme Court's reversal of Stapleton, the Board went on to find that if the presumption were invoked, the ALJ correctly weighed the evidence in finding that it had been rebutted under Sec. 727.203(b)(4)
 
 
 [3]
 Because we find that the presumption was not properly invoked, we do not reach the rebuttal issue