896 F.2d 546
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Estel Charlie HESS, Petitioner,
v.
BAKER COAL COMPANY; Director, Office of Workers
Compensation Program, United States Department of
Labor; Old Republic Insurance Company,
Respondents.
 No. 89-3242.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 31, 1989.
Decided: Jan. 29, 1990.
 
 Paul Graham Beers (Client Centered Legal Services of Southwest Virginia, Inc., on brief), for petitioner.
 Mark E. Solomons (Laura Metcoff Klaus, Arter & Hadden, on brief), for respondent.
 Before ERVIN, Chief Judge, WILKINSON, Circuit Judge, and JOSEPH H. YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Estel C. Hess appeals the Benefits Review Board's affirmance of the administrative law judge's denial of black lung benefits pursuant to the provisions of Title VII of the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. Secs. 901, et seq. (the Act).
 
 
 2
 On petition for review from a decision of the Benefits Review Board (BRB), this Court reviews only for errors of law in considering whether there was substantial evidence to support the administrative law judge's (ALJ) decision and order. See Amigo Smokeless Coal Co. v. Director, Office of Workers' Compensation Programs, 642 F.2d 68, 69 (4th Cir.1981); see also Zbosnik v. Badger Coal Co., 759 F.2d 1187, 1189-90 (4th Cir.1985). Upon a review of the record, we conclude that the findings of the ALJ are supported by substantial evidence.
 
 
 3
 Under 20 C.F.R. Part 718, an individual claiming entitlement to black lung benefits must prove that he has pneumoconiosis, that he contracted it through coal mine employment, and that he is totally disabled as a result. See Director, Office of Workers' Compensation Programs v. Mangifest, 826 F.2d 1318, 1320 (3d Cir.1987).
 
 
 4
 A claimant may establish entitlement by direct proof of total disability due to pneumoconiosis or pursuant to statutory presumptions. 20 C.F.R. Sec. 718.305(a) provides:
 
 
 5
 If a miner was employed for fifteen years or more in one or more underground coal mines, and if there is a chest x-ray submitted in connection with such miner's ... claim and it is interpreted as negative (for complicated pneumoconiosis ... and if other evidence demonstrates the existence of a totally disabling respiratory or pulmonary impairment, then there shall be a rebuttable presumption that such miner is totally disabled due to pneumoconiosis.
 
 This presumption is rebuttable
 
 6
 [w]here the cause of death or total disability did not arise in whole or in part out of dust exposure in the miner's coal mine employment or the evidence establishes that the miner does not or did not have pneumoconiosis.... However, in no case shall the presumption be considered rebutted on the basis of evidence demonstrating the existence of a totally disabling obstructive respiratory or pulmonary disease of unknown origin.
 
 
 7
 20 C.F.R. Sec. 718.305(d).
 
 
 8
 Although finding some of the medical evidence contradictory, the ALJ found that Hess had established the presence of pneumoconiosis. Further, under the presumption that the disease arose out of coal mine employment when a claimant had worked in the mines for more than ten years, the ALJ found Hess entitled to this presumption. 20 C.F.R. Sec. 718.203(b). The ALJ also found the evidence contradictory on the issue of permanent disability, but again gave Hess the benefit of the doubt and allowed him the presumption regarding total disability contained in 20 C.F.R. Sec. 718.305(a).
 
 
 9
 After considering extensive medical data and a number of medical reports interpreting the data, the ALJ found that the presumption of total disability arising from coal mine employment had been rebutted by Baker Coal Company to the extent that Hess was not entitled to benefits.
 
 
 10
 Based on the evidence before him, the ALJ had a legally sufficient basis to conclude that Hess's employer had established that his disability did not arise in whole or in part from coal mine employment and that he did not have pneumoconiosis, thus rebutting the presumption of total disability due to pneumoconiosis. Therefore, we affirm the BRB's decision and order affirming the ALJ's decision.
 
 
 11
 AFFIRMED.