898 F.2d 145
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Roy M. HUNTER, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAM, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 89-1727.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 19, 1990.
Decided: Feb. 23, 1990.
 
 On Petition for Review of an Order of the Benefits Review Board. (BRB No. 86-483-BLA).
 Roy M. Hunter, petitioner pro se.
 Barbara J. Johnson, Richard Zorn, United States Department of Labor, for respondent.
 Ben.Rev.Bd.
 REMANDED.
 Before DONALD RUSSELL and WILKINS, Circuit Judges, and HARRISON L. WINTER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Roy M. Hunter sought black lung benefits pursuant to 30 U.S.C. Secs. 901 et seq. The administrative law judge (ALJ) denied benefits, and the Benefits Review Board (Board) affirmed. We remand for further consideration of blood gas studies pursuant to 20 C.F.R. Sec. 727.203(a)(3).
 
 
 2
 The ALJ credited Hunter with 21 years and eight months of coal mine employment, but found that the medical evidence did not support invocation of the interim presumption of disability pursuant to 20 C.F.R. Sec. 727.203. The Board held that the ALJ's findings were supported by substantial evidence. Hunter sought review by this Court, contending that the ALJ failed to review medical reports, and that he is entitled to benefits due to a positive X-ray and many years of coal mine employment.
 
 
 3
 Under Sec. 727.203(a)(3) the interim presumption of disability may be invoked if blood gas studies produce qualifying values under that regulation's criteria. The ALJ found that all of the blood gas studies of record were non-qualifying, and the Board affirmed this finding. However, the ALJ and the Board failed to consider that two blood gas studies produced qualifying values. In a report dated September 10, 1982, Dr. Modlin found that Hunter had a PO2 of 61 and a PCO2 of 36, and in a later test had a PO2 of 64 with a PCO2 of 36.[1] In a miner with a PCO2 value of 36, a PO2 score of 64 or less qualifies under the regulation. See Sec. 727.203(a)(3). Because the ALJ failed to consider and weigh the results of all the tests as required by the Administrative Procedure Act, 5 U.S.C. Sec. 557(c)(3)(A), as incorporated by 33 U.S.C. Sec. 919(d) and 30 U.S.C. Sec. 932(a), and because it is the ALJ's role, as fact-finder, to weigh the evidence in the first instance, see Zbosnick v. Badger Coal Co., 759 F.2d 1187, 1190 (4th Cir.1985), we remand this case for further consideration.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid the decisional process.
 
 
 4
 REMANDED.
 
 
 
 [1]
 Blood gas studies measure the pressure of oxygen PO2 ) and carbon dioxide (PCO2 ) in the miner's arterial blood. N.C. Lapp, A Lawyers Medical Guide to Black Lung Litigation, 83 W.Va.L.Rev. 721, 741 (1981)
 
 
 [2]
 We find that the ALJ thoroughly reviewed all the other medical reports of record and note that merely because Hunter had positive X-ray readings he is not necessarily entitled to invocation of the interim presumption of disability under Sec. 727.203(a)(1). One or more items of qualifying evidence is not always sufficient to invoke the interim presumption; a claimant must establish by a preponderance of the evidence that he is entitled to invocation. Mullins Coal Co. v. Director, OWCP, 56 U.S.L.W. 4044 (U.S. Dec. 14, 1987) (No. 86-327). Because the ALJ's findings pursuant to Sec. 727.203(a)(1) and (a)(2) are supported by substantial evidence, the same evidence is insufficient to invoke the presumption under 20 C.F.R. Sec. 410.490