**Tony ZBOSNIK, Petitioner,**

**v.**

**BADGER COAL COMPANY and Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.**

**No. 84–1524.**

United States Court of Appeals, Fourth Circuit.

Argued Jan. 7, 1985.

Decided April 25, 1985.

C. Patrick Carrick, for petitioner.

David Allen Barnette, Charleston, W.Va. (Jackson, Kelly, Holt & O'Farrell, Charleston, W.Va., on brief) for respondents.

Before WIDENER and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.

WIDENER, Circuit Judge:

Tony Zbosnik, a former coal miner, petitions for review of a decision of the Benefits Review Board denying his claim for black lung disability payments under the Federal Coal Mine and Safety Act of 1969, as amended, 30 U.S.C. §§ 901 et seq. (Black Lung Act). The Board reversed a decision of the Administrative Law Judge granting the benefits. On appeal, the issue is whether the decision of the ALJ was supported by substantial evidence. Finding that it was, we reverse and direct an award of benefits.

Tony Zbosnik worked as a coal miner for 44 years, retiring in January 1977. At the time of his retirement, Zbosnik worked as a roof bolter for defendant Badger Coal Company. The duties of this job included the frequent carrying of 50–60 pounds of material over several hundred feet, while working in a tunnel 4½ to 5½ feet high. After finding himself no longer able to carry out these duties because of breathing difficulties, Zbosnik filed a claim for total disability benefits under the Black Lung Act on December 3, 1976, and retired one month later. The defendant disputed the claim, and a hearing was held before an ALJ in July 1980.

At the hearing, four sets of chest x-rays, which were relied upon by the ALJ, taken between April 1972 and October 1979, were presented as evidence that Zbosnik was suffering from occupational pneumoconiosis, as defined by the Act. 30 U.S.C. § 902(b). The x-rays established that Zbosnik had contracted pneumoconiosis. Counsel for the defendant also stipulated that Zbosnik suffered from the disease as a result of his coal mine employment.

Under 20 C.F.R. § 727.203(a), a black lung claimant who engaged in coal mine employment at least ten years is entitled to a rebuttable presumption of total disability due to pneumoconiosis if one of four medical requirements is met. Included among these alternative requirements is a chest x-ray which establishes the presence of pneumoconiosis. 20 C.F.R. § 727.203(a)(1). Here, the defendant acknowledged the fact that Zbosnik satisfied both the work tenure and medical requirements. As a result, the ALJ invoked the interim presumption that Zbosnik was totally disabled from occupational pneumoconiosis and was entitled to benefits.

While admitting that Zbosnik had pneumoconiosis, the defendant argued that the disease did not impair Zbosnik's ability to perform his job. In support of this argument, the results of four pulmonary (ventilatory) function studies and two blood gas studies Zbosnik had undergone were presented. These examinations produced values which were not equal to or less than the regulatory criteria required for a finding of impaired respiration. 20 C.F.R. § 727.203(a)(2) and (3). Dr. Matragano, who examined Zbosnik for the defendant, relied on these findings to conclude that despite his pneumoconiosis, Zbosnik "should be able to perform his regular coal mining job." Two other examining physicians, Dr. Jones and Dr. Hayes, also con-

cluded that the pneumoconiosis did not result in an "impairment of capacity to work."

However, the physicians who examined Zbosnik were not unanimous in assessing the state of his health. Dr. Matragano, for example, found that Zbosnik suffered from chronic bronchitis due to exposure to coal dust. Another physician, Dr. Pravin, also found Zbosnik to have cardio-pulmonary disease related to dust exposure, and as a result he experienced dypsnea while walking.

The ALJ also heard the testimony of Zbosnik, a co-worker named Denzil Mayle, and Zbosnik's brother, Albin. The claimant testified that he retired as a result of his inability to adequately perform his duties as roof bolter. He stated that he found himself unable to carry supplies or walk required distances due to shortness of breath. Zbosnik also testified he had not worked in any other job since retirement, that his breathing difficulties had forced him to limit his activities to walking around the house and light household duties, and that his brother Albin provided his meals.

The testimony of Mayle, who had worked with Zbosnik since 1965, confirmed the difficulties Zbosnik faced in his work. Mayle reported that Zbosnik had been unable to carry the 50–60 pounds of material or walk the distances demanded by the job without frequent stops for resting. Mayle also testified that Zbosnik would often not move at all while in the coal mine, and that he was repeatedly out of breath.

Albin Zbosnik testified that since retirement his brother had experienced shortness of breath and was restricted to walking around the house, not working at all.

In finding Zbosnik to be totally disabled, unable to perform his job and entitled to benefits, the ALJ held that the defendant had failed to present evidence which rebutted the presumption of total disability arising from Zbosnik's 44 years of coal mine employment and the positive x-rays. She found the x-ray evidence establishing the presence of pneumoconiosis to be uncontroverted, and relied on the physical examina-

tions which concluded Zbosnik suffered from chronic bronchitis, cardio-pulmonary disease and dypsnea resulting from exposure to coal dust. The ALJ also credited the testimony of the claimant, and Mayle, and Albin Zbosnik. While she considered the pulmonary function and blood gas studies, the ALJ found that in light of the conflicting reports provided by the examining physicians, including the defendant's own physician, this medical evidence was insufficient to rebut the presumption of a totally disabling condition.

In reversing the decision of the ALJ, the Benefits Review Board held that the ALJ had not provided a rational basis for rejecting the results of four of the five pulmonary function studies and the two blood gas studies. The Board found that, as a matter of law, the findings of those medical studies rebutted the presumption of total disability, pursuant to 20 C.F.R. § 727.-203(b)(2). That section provides that the presumption of total disability due to occupational pneumoconiosis can be overcome by medical evidence demonstrating that the claimant can still perform the work of a coal miner. *Director, OWCP v. Beatrice Pocahontas Co.*, 698 F.2d 680, 682 (4th Cir.1983).

The standard of review for the Board in reviewing the granting or denial of black lung benefits is set forth in the Longshoremen's and Harbor Worker's Compensation Act, as amended, 33 U.S.C. § 901 et seq., which states in pertinent part: "findings of fact in the decision under review by the Board shall be conclusive if supported by substantial evidence in the record considered as a whole." 33 U.S.C. § 921(b)(3). This provision was incorporated into the Black Lung Act by 30 U.S.C. § 932(a). *Wilson v. Benefits Review Board*, 748 F.2d 198 (4th Cir.1984). This same standard of review is also recited by the regulations governing the Board. See 20 C.F.R. § 802.301; e.g. *Beavan v. Bethlehem Mines Corp.*, 741 F.2d 689, 691 (4th Cir. 1984); *Amigo Smokeless Coal Co. v. Director, OWCP*, 642 F.2d 68, 69 (4th Cir. 1981). Thus, the only issue before us is

whether there was substantial evidence to support the decision of the ALJ.

We are of opinion that there was evidence sufficient to sustain the ALJ's decision, and that the Board erred in denying the benefits. In a well-reasoned opinion, the ALJ gave full consideration to all of the medical evidence, including the x-rays, the pulmonary function and the blood gas studies, as well as the conclusions of the examining physicians. The record is uncontradicted that Zbosnik suffers from occupational pneumoconiosis, as well as cardio-pulmonary disease, chronic bronchitis and dypsnea, all the result of 44 years of exposure to coal dust. Moreover, in choosing to credit the testimony of the claimant, and Mayle, and Albin Zbosnik, the ALJ's opportunity to observe the demeanor of the witnesses is an added plus. See *Anderson v. City of Bessemer City,* — U.S. —, —, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985). As a result, we are of opinion that the ALJ was in a better position to assess the weight and sufficiency of the evidence than either the Board or this court.

Thus, in denying the claim for benefits, the Board failed to adhere to the proper standard of review. Although the defendant presented evidence which tended to show there was no total impairment, the record contains sufficient evidence to support the ALJ's finding that Zbosnik was totally disabled.

Accordingly, the decision of the Benefits Review Board is reversed and remanded, with instructions to enter an order awarding benefits to Zbosnik.

REVERSED AND REMANDED