813 F.2d 400
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Millroy BAKER, Jr., Petitioner,
v.
CONSOLIDATION COAL COMPANY and Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 85-1363.
 United States Court of Appeals,
Fourth Circuit.
 Submitted Nov. 28, 1986.
Decided Jan. 9, 1987.
 
 C. Patrick Carrick, Law Offices of Ross Maruka, on brief) for appellant.
 Douglas A. Smoot, Jackson, Kelly, Holt & O'Farrell, on brief, for respondent Consolidation Coal Company.
 Before RUSSELL, HALL and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Millroy Baker, Jr., a former coal miner, petitions for review of the decision of the Benefits Review Board (Board) affirming the Administrative Law Judge's (ALJ) denial of his claim for black lung disability payments under the Federal Coal Mine Health and Safety Act of 1969 (Black Lung Act), as amended, 30 U.S.C. Secs. 901 et seq. We affirm.
 
 
 2
 A hearing was conducted before an ALJ in Morgantown, West Virginia. The ALJ concluded that Baker had invoked the interim presumption that he was totally disabled, pursuant to 20 C.F.R. Secs. 723.203(a)(1) and (a)(3), but that the presumption was rebutted by the employer pursuant to 20 C.F.R. Secs. 727.203(b)(2) and (b)(3). The Board affirmed the ALJ's decision, finding that substantial evidence supported the ALJ's conclusion that the interim presumption was rebutted under 20 C.F.R. Secs. 727.203(b)(2) and (b)(3). on appeal Baker contends that the ALJ erred in finding rebuttal.
 
 
 3
 Baker argues that the ALJ erroneously relied on medical opinions based in part on nonqualifying clinical tests. In Stapleton v. Westmoreland Coal Co., 785 F.2d 424 (4th Cir. 1986) (en banc), however, we held that when considering rebuttal "all relevant medical evidence must be considered and weighed, including, but not exclusively, nonqualifying x-rays, test results, and opinions ...." Id. at 427 (emphasis in original). In concluding that the presumption was rebutted, the ALJ considered all of the relevant medical evidence before him.
 
 
 4
 Baker correctly points out that the ALJ mischaracterized Dr. Renn as a treating physician. However, the record does not support Baker's contention that this mischaracterization resulted in the ALJ assigning disproportionate weight to Dr. Renn's opinion. We agree with the Board that this contention fails to raise prejudicial error.
 
 
 5
 We agree with the Board that the presumption was rebutted under Secs. 727.203(b)(2) and (b)(3). We find that the decision of the ALJ is supported by substantial evidence and is in accordance with the law. 33 U.S.C. Secs. 921(b)(3). See Zbosnik v. Badger Coal Co., 759 F.2d 1187, 1189-90 (4th cir. 1985). Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument. The decision of the Benefits Review Board is affirmed.
 
 AFFIRMED