815 F.2d 74
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William H. ROBINETTE, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 86-2548.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 8, 1987.
Decided March 23, 1987.
 
 Before RUSSELL and WILKINSON, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 Howard A. Simon (Raymond T. Reott; Jenner & Block, on brief), for petitioner.
 Michael J. Rutledge, United States Department of Labor, Office of the Solicitor; (George R. Salem, Solicitor of Labor; Donald S. Shire, Associate Solicitor; J. Michael O'Neill, Counsel for Appellate Litigation; Thomas L. Holzman, Assistant Counsel for Appellate Litigation, on brief), for respondent.
 PER CURIAM:
 
 
 1
 William Robinette was engaged in employment with various coal mining companies for some fifteen to twenty years from 1945 to 1970. He first filed a claim under the Black Lung Benefits Act, as amended, 30 U.S.C. Sec.902 et seq., in March 1971. Upon his death in 1977, the miner's son, Richard Robinette, filed for benefits as the child of a deceased miner.
 
 
 2
 After lengthy proceedings, the case was referred to an administrative law judge who conducted a hearing and denied benefits on March 17, 1983. The Benefits Review Board affirmed the ALJ's decision, and claimant filed this appeal.
 
 
 3
 The Director concedes, as he must, that the positive X-ray interpretation and qualifying arterial blood gas study establish invocation of the interim presumption as a matter of law. Stapleton v. Westmoreland Coal Co., 785 F.2d 424, 426 (4th Cir. 1986), cert. granted, Mullins Coal Co., Inc. v. Director of OWCP, 107 S.Ct. 871-72 (1987). Because the claimant failed to receive the benefit of the interim presumption in the proceedings below, this case must be remanded for presentation of all relevant rebuttal evidence. 785 F.2d at 427.
 
 
 4
 We do not believe that the rebuttal evidence is insufficient here as a matter of law. We have repeatedly held that the administrative law judge is best positioned to assess the weight and sufficiency of the evidence, Zbosnik v. Badger Coal Co., 759 F.2d 1187, 1190 (4th Cir. 1985), and we remand the case for further proceedings in accordance with Stapleton.
 
 
 5
 REMANDED.