818 F.2d 29
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Clarence SCARBRO, Petitioner,
v.
DIRECTOR, OFFICE OF WOERKRS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, and Slab Fork Coal
Company, Respondents.
 No. 86-3532.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 30, 1987.
Decided April 29, 1987.
 
 Before RUSSELL, SPROUSE, and CHAPMAN, Circuit Judges.
 Belinda S. Morton, on brief, for petitioner.
 George R. Salem, Solicitor of Labor, Donald S. Shire, Associate Solicitor, J. Michael O'Neill, Counsel for Appellate Litigation, Thomas L. Holzman, Assistant Counsel for Appellate Litigation, Jeffrey J. Bernstein, Attorney, United States Department of Labor, on brief, for respondent Director.
 PER CURIAM:
 
 
 1
 Clarence Scarbro, a former coal miner, petitions for review of the decision of the Benefits Review Board (Board) affirming the Administrative Law Judge's (ALJ's) denial of his claim for black lung disability payments under the Federal Coal Mine Health and Safety Act of 1969 (Black Lung Act), as amended, 30 U.S.C. Sec.Sec. 901, et seq. we affirm.
 
 
 2
 A hearing was conducted before an ALJ in Princeton, West Virginia. The ALJ concluded that Scarbro had invoked the presumption that he was totally disabled, pursuant to 20 C.F.R. Sec. 727.203(a)(1), but that the presumption was rebutted pursuant to 20 C.F.R. Sec. 727.203(b)(2). The Board affirmed.
 
 
 3
 On appeal Scarbro contends that the ALJ erred in finding rebuttal because the medical report of Dr. Piracha stated that pulmonary function studies performed in his laboratory were unreliable and because the doctor did not analyze the skills necessary for Scarbro to perform his usual coal mine employment. We find that this contention lacks merit. Dr. Piracha's conclusion, that Scarbro had no significant pulmonary disease, was based on the totality of the results of his physical examination. Furthermore, the uncontradicted reports of three other physicians support the finding that Scarbro had no significant pulmonary impairment which would prevent him from performing his usual coal mine employment.
 
 
 4
 We find that the decision of the Board affirming the ALJ is supported by substantial evidence and is in accordance with the law. 33 U.S.C. Sec. 921(b)(3). See Zbosnick v. Badger Coal Co., 759 F.2d 1187, 1189-90 (4th Cir. 1985). Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument. The decision of the Benefits Review Board is affirmed.
 
 
 5
 AFFIRMED.