823 F.2d 547
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John HUNT, as surviving son of Charles Hunt, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 86-2576.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 5, 1987.
Decided June 25, 1987.
 
 Ben.Rev.Bd.
 AFFIRMED.
 On Petition for Review of an Order of the Benefits Review Board.
 Gary Arthur Isaac (Mayer, Brown & Platt, on brief), for petitioner.
 Diane Hodes, United States Department of Labor, Office of the Solicitor (George R. Salem, Solicitor of Labor, Donald S. Shire, Associate Solicitor, J. Michael O'Neill, Counsel for Appellate Litigation, on brief), for respondent.
 Before PHILLIPS, ERVIN and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Charles Hunt, father of petitioner John Hunt, filed a claim for federal black lung benefits in June, 1974, pursuant to the Black Lung Benefits Act, as amended, 30 U.S.C. Sec. 901 et sea. (1982). Charles Hunt died in August, 1978, the victim of cardiopulmonary arrest, a probable myocardial infarction, and arteriosclerotic heart disease. In April, 1980, John Hunt, Charles Hunt's sole survivor, filed a claim for black lung benefits both as a dependent survivor and on behalf of the miner.
 
 
 2
 John Hunt's claim for survivor's benefits was denied by the deputy commissioner of the Office of Workers' Compensation Programs, United States Department of Labor, because John Hunt was not an eligible survivor of the deceased miner. See 20 C.F.R. Secs. 725.218, 725.221 (1986)(surviving child of a deceased miner must be under eighteen years of age, disabled, or a student to receive survivor benefits). The deputy commissioner also denied John Hunt's claim for benefits on behalf of Charles Hunt, due to the paucity of evidence of qualifying disability at the time of death.
 
 
 3
 John Hunt sought and received a formal hearing before an administrative law judge (ALJ). The ALJ denied benefits because the evidence failed to establish that Charles Hunt's respiratory impairment arose out of coal mine employment. John Hunt appealed to the Benefits Review Board (BRB); he also filed a motion for modification of the ALJ's order accompanied by a revised medical opinion from Dr. Vijay Mahajan. Dr. Mahajan's opinion is the only medical opinion in the record. The BRB remanded the case to the ALJ for consideration of the motion for modification. The ALJ denied the motion on the ground that Dr. Mahajan's revised opinion did not establish the miner's entitlement to benefits. John Hunt appealed this denial of his motion to the BRB, which consolidated the second appeal with the first. The BRB affirmed the decision of the ALJ to deny benefits. John Hunt then appealed to this court. We affirm the denial of benefits.
 
 
 4
 Charles Hunt worked eight years as a miner. He is not entitled to the interim presumption of disability, see 20 C.F.R. Sec. 727.203 (1986), because he did not work for ten or more years in the mines. Thus, the burden is on Charles Hunt, as claimant, to demonstrate compensable disability under the regulations. The claimant must prove the existence of pneumoconiosis, that the pneumoconiosis arose out of coal mine employment, and that it was totally disabling. See Prater v. Harris, 620 F.2d 1074, 1081 (4th Cir. 1980); 20 C.F.R. Sec. 410.410(b) (1986).
 
 
 5
 The medical evidence of record in the case of Charles Hunt includes one x-ray, one ventilatory function study, and the medical opinions of Dr. Mahajan. The x-ray was read as negative for pneumoconiosis by two B-readers. The ventilatory function study produced values that were interpreted as indicating "a mild to moderate degree of mixed ventilatory defect." Dr. Mahajan, on the basis of an examination of Charles Hunt in 1975, found that the miner had "evidence of chronic obstructive lung disease, which could be related to his work in the coal mines." Dr. Mahajan did not indicate what evidence led him to conclude that there was a possible connection between Charles Hunt's disability and his coal mine employment.
 
 
 6
 In a supplemental report prepared in 1975, Dr. Mahajan stated that he had reviewed Charles Hunt's clinical data and had concluded that the miner should be considered disabled. Dr. Mahajan opined that his lung disease "can be considered to have arisen from his employment in the coal mines." It was on the basis of this evidence that the ALJ initially denied benefits.
 
 
 7
 In 1984, Dr. Mahajan provided a further supplemental report in response to a request from counsel for John Hunt. This report stated that Mahajan had once again reviewed the clinical data and wished to state that Charles Hunt's lung disease "should be considered to have arisen from his employment in the coal mines."
 
 
 8
 The ALJ viewed Dr. Mahajan's two earlier opinions as ambiguous with respect to the cause of Charles Hunt's disability. The ALJ found the third version of the opinion to be, in essence, a change of position without an explanation; hence, the ALJ held it insufficient to establish disability under the requirements of 20 C.F.R. Sec. 410. The weight and sufficiency of evidence is a matter within the discretion of the ALJ. See, e.g., Zbosnik v. Badger Coal Co., 759 F.2d 1187, 1190 (4th Cir. 1985). The ambiguity in Dr. Mahajan's earlier opinions is evident from the text of the opinions themselves, and it was not an abuse of discretion for the ALJ to demand some explanation in the record for Dr. Mahajan's more forcefully stated third opinion. In the face of the negative x-rays and Dr. Mahajan's equivocation, the causation evidence is slim for Charles Hunt. We conclude that the ALJ's finding that Charles Hunt was not totally disabled due to coal mine employment was supported by substantial evidence.
 
 
 9
 AFFIRMED.