877 F.2d 60
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Eugene STOWERS, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, Respondent.
 No. 88-1787.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 17, 1989.
Decided May 25, 1989.
 
 Eugene Stowers, appellant pro se.
 Michael John Denney, Lawrence W. Rogers, Patricia May Nece, United States Department of Labor, for appellee.
 Before K.K. HALL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Eugene Stowers petitions for review of the Benefits Review Board's decision affirming the administrative law judge's denial of black lung benefits.
 
 
 2
 We hold that the Benefits Review Board (BRB or Board) properly affirmed the finding of the administrative law judge (ALJ) that Stowers proved only 5 3/4 years of coal mine employment. The ALJ is "in a better position to assess the weight and sufficiency of the evidence than either the Board or this Court." Zbosnik v. Badger Coal Co., 759 F.2d 1187, 1190 (4th Cir.1985). An ALJ's finding regarding length of coal mine employment must be affirmed if it is based on a reasonable method of computation and is supported by substantial evidence. Due to the inconsistency of Stowers' testimony and work histories, and because the coworkers' affidavits supported only limited intervals of qualifying employment, the ALJ's reliance on social security earnings records was a reasonable method for calculating the length of coal mine employment.
 
 
 3
 We next hold that the ALJ erred in finding that 20 C.F.R. Sec. 410.490 requires ten or more years of coal mine employment. See Sec. 410.490; Pittston Coal Group v. Sebben, 57 U.S.L.W. 4029 (U.S. Dec. 6, 1988) (No. 87-821). Under Sec. 410.490, a claimant may establish presumptive entitlement by showing that a chest X-ray, biopsy, or autopsy establishes the existence of pneumoconiosis, or, if a claimant has 15 years of coal mine employment, ventilatory studies prove the existence of a chronic respiratory or pulmonary disease. See Sec. 410.490(b)(1)(i); (b)(1)(ii). In either case, the impairment must arise out of coal mine employment. See Sec. 410.490(b)(2). However, there is no requirement that a miner have ten years of coal mine employment. Sebben, 57 U.S.L.W. at 4030.
 
 
 4
 The ALJ properly found the existence of pneumoconiosis based on the X-ray evidence, and the Director's failure to contest the issue. Stowers is therefore entitled to invocation of the Sec. 410.490 presumption if his pneumoconiosis arose out of coal mine employment. The ALJ did not address this issue, since he erroneously found Sec. 410.490 required ten years of coal mine employment. This Court may not address for the first time on appeal an issue not considered by the ALJ. We therefore remand for a determination of whether Stowers' pneumoconiosis arose out of coal mine employment under Sec. 410.490(b)(2). If so, the Sec. 410.490 presumption is applicable, since the existence of pneumoconiosis was established. If the presumption is found invoked, the ALJ must determine whether rebuttal was established under Sec. 410.490(c).* We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 5
 VACATED AND REMANDED.
 
 
 
 *
 The ALJ's finding that Stowers failed to prove total disability due to pneumoconiosis under Part 410 was proper based on the medical evidence. This finding may not be applied to hold that rebuttal was established under Sec. 410.490 however, since the burden of proof differs, i.e., under the Sec. 410 regulations, Stowers failed to prove a necessary element of his case, whereas under Sec. 410.490, the burden of proof is on the Director to disprove total disability