878 F.2d 379
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James H. MCKENDREE, Petitioner,
v.
CONSOLIDATION COAL COMPANY, Director, Office of Workers'
Compensation Programs, Respondents.
 No. 88-2949.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 26, 1989.
Decided June 26, 1989.
 
 James H. McKendree, petitioner pro se.
 Douglas Allan Smoot, Jackson & Kelly, Priscilla Anne Schwab, Barbara J. Johnson, United States Department of Labor, for respondents.
 Before CHAPMAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 James H. McKendree sought benefits on a black lung claim filed pursuant to the provisions of Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. Sec. 901 et seq. The administrative law judge (ALJ) found invocation of the interim presumption of disability under 20 C.F.R. Sec. 727.203(a)(1), but found rebuttal under Sec. 727.203(b)(2). The Benefits Review Board (Board) held that although the ALJ erred in finding rebuttal under Sec. 727.203(b)(2), the error was harmless because rebuttal was established under Sec. 727.203(b)(3). We affirm.
 
 
 2
 "Section 727.203(b)(2) is concerned with the question of whether miners are totally disabled for whatever reason: There is no inquiry into causation in a proper Sec. 727.203(b)(2) rebuttal." Sykes v. Director, Office of Workers' Compensation, 812 F.2d 890, 893-94 (4th Cir.1987) (emphasis in original). The Board properly found that the medical reports relied on by the ALJ did not constitute proper (b)(2) rebuttal under Sykes because they considered only the extent of respiratory disability.
 
 
 3
 However, the reports of Drs. Chillag and Renn support rebuttal under Sec. 727.203(b)(3) since they rule out the causal relationship between disability and coal mine employment. See Bethlehem Mines Corp. v. Massey, 736 F.2d 120, 123 (4th Cir.1984). The ALJ's finding of rebuttal and the Board's denial of benefits on this alternative ground is therefore supported by substantial evidence in the record. See Eplion v. Director, Office of Workers' Compensation Programs, 794 F.2d 935 (4th Cir.1986); Zbosnick v. Badger Coal Co., 759 F.2d 1187, 1189-90 (4th Cir.1985). Accordingly, we affirm the order of the Board.* Because the dispositive issues have been decided authoritatively, we dispense with oral argument.
 
 
 4
 AFFIRMED.
 
 
 
 *
 Our affirmance of the denial of benefits based on Sec. 727.203(b)(3) rebuttal precludes the application of the permanent criteria of 20 C.F.R. Part 410. See 20 C.F.R. Secs. 410.410(b); 410.414(a)(2); 410.490(b)(2)