948 F.2d 1280
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Blanda G. BOGGS, Widow of Dallas R. Boggs, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 90-2379.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 9, 1991.
Decided Nov. 27, 1991.
 
 On Petition for Review of an Order of the Benefits Review Board. (87-2826-BLA)
 Dorothy B. Stulberg, Mostoller & Stulberg, Oak Ridge, Tenn., for petitioner.
 Robert P. Davis, Solicitor of Labor, Donald S. Shire, Associate Solicitor for Black Lung Benefits, Sylvia T. Kaser, Eileen M. McCarthy, Office of the Solicitor, United States Department of Labor, Washington, D.C., for respondent.
 Ben.Rev.Bd.
 AFFIRMED IN PART AND VACATED AND REMANDED IN PART.
 Before WIDENER, MURNAGHAN and WILKINSON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Blanda G. Boggs petitions for review of a decision by the Benefits Review Board affirming the denial of her claim to benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901 et seq. We vacate the Board's decision in part and remand, and affirm the Board's decision in part.
 
 
 2
 Dallas R. Boggs filed a claim for benefits under the Black Lung Benefits Act on January 8, 1983. His claim was subsequently denied by the Department of Labor, a determination from which he appealed. Boggs died on September 2, 1984, and his widow, Blanda G. Boggs, filed a claim for survivor's benefits on December 3, 1984. Her claim was also denied by the Department of Labor and Mrs. Boggs appealed the decision. A hearing concerning both the miner's and survivor's claims was held before an administrative law judge (ALJ). On September 16, 1987 the ALJ issued a Decision and Order denying benefits on both claims. Mrs. Boggs appealed to the Benefits Review Board, which affirmed the ALJ's decision on December 29, 1989. This petition for review followed.
 
 
 3
 Mrs. Boggs seeks benefits based on two theories. She first argues that she is entitled to benefits as the successor to Mr. Boggs' black lung disability claim, which was pending at the time of his death. She also contends that she is entitled to benefits under 20 C.F.R. § 718.205 as the survivor of a miner whose death was due to pneumoconiosis.
 
 
 4
 With regard to the first claim, the ALJ found that Mr. Boggs was afflicted with pneumoconiosis arising out of his coal mining employment. The ALJ then concluded that Mr. Boggs had not been totally disabled due to pneumoconiosis and therefore denied the miner's benefits claim.
 
 
 5
 In reaching this conclusion, the ALJ used an incorrect standard for determining whether the miner's disability was due to pneumoconiosis. The ALJ also incorrectly rejected the opinion of Dr. Willett as insufficient to establish the requisite causal connection because "[t]he report of Dr. Willett is purely conjectural. He noted that smoking and asbestos may have contributed to Mr. Boggs' present condition." This statement plainly shows that the ALJ rejected Dr. Willett's opinion because it did not attribute the miner's disability solely to his pneumoconiosis. The Benefits Review Board, moreover, affirmed this ruling by relying on Wilburn v. Director, OWCP, 11 BLR (MB) 1-135 (Ben.Rev.Bd.1988), which took the position that a miner's pneumoconiosis must be "in and of itself" totally disabling. We have explicitly rejected this position in Robinson v. Pickands Mather & Co., 914 F.2d 35 (4th Cir.1990), holding that "due to" in the statute and regulation means simply "a contributing cause." We accordingly find that the ALJ erred in his analysis of whether Mr. Boggs' disability was due to pneumoconiosis.
 
 
 6
 The Director concedes that the ALJ erred in his finding that the objective studies and medical evidence in the record could not support a finding of total respiratory disability. The ALJ erroneously failed to consider the results of an April 21, 1983 arterial gas study performed by Dr. Swann that produced values after exercise that qualify under 20 C.F.R. § 718.204(c)(2) to establish disability. Also erroneously not considered by the ALJ was Dr. Swann's indication of the limitations upon Mr. Boggs' ability to walk, climb stairs, and lift objects, an assessment relevant to establishing total disability under 20 C.F.R. § 718.204(c)(4).
 
 
 7
 We therefore conclude that the ALJ erred in his analysis of the disability of the miner and in applying an improper standard in determining that the miner's disability was not due to pneumoconiosis. We accordingly vacate the portion of the order denying benefits on the miner's claim and remand to the Board for further remand to an ALJ for action not inconsistent with this opinion.
 
 
 8
 In order to be eligible for benefits as a survivor of Mr. Boggs under 20 C.F.R. § 718.205, Mrs. Boggs must establish that the miner's death was due to pneumoconiosis. Because this claim was filed after January 1, 1982, she may no longer receive benefits for the period following her husband's death simply by showing that the miner was entitled to benefits on his disability claim. See 20 C.F.R. § 725.212(a)(3)(ii). We therefore must consider the petitioner's claim that the ALJ erred in finding that she failed to establish that the miner's death was due to pneumoconiosis.
 
 
 9
 Under 20 C.F.R. § 718.205(c), a miner's death is considered "due to" pneumoconiosis where "competent medical evidence established that the miner's death was due to pneumoconiosis" or where "pneumoconiosis was a substantially contributing cause or factor leading to the miner's death or where the death was caused by complications of pneumoconiosis." In addition, survivors are not eligible for benefits where "the principal cause of death was a medical condition not related to pneumoconiosis, unless the evidence establishes that pneumoconiosis was a substantially contributing cause of death." 20 C.F.R. § 718.205(c)(4).
 
 
 10
 The petitioner argues that the ALJ erred in concluding that the miner's death certificate and autopsy report failed to establish death due to pneumoconiosis. On the record before us, we cannot say that there was not "substantial evidence to support the decision of the ALJ." Zbosnik v. Badger Coal Co., 759 F.2d 1187, 1189-90 (4th Cir.1985). The autopsy report stated that "[t]he obvious cause of death is the bilateral presence of a bronchogenic carcinoma in both lungs apparently arising on the left hilar region." It also clearly listed "Poorly differentiated squamous cell carcinoma of the left lung" on the portion of the form calling for the "Cause of Death." While the report did later note the presence of "Advanced pulmonary emphysema," "Bronchiectasis," "Coal Workers' Pneumoconiosis," and "Mild arteriosclerotic heart disease," it nowhere explicitly stated that there was a causal link between these conditions and Mr. Boggs' death. Moreover, even if the report were read as establishing such a link, it does not attempt to quantify the contribution made by pneumoconiosis in the manner necessary to support a finding that the condition "substantially" contributed to the miner's death. These aspects of the autopsy report, coupled with the fact that the death certificate listed only respiratory failure due to "Squamous Cell Carcinoma of the Lung" as the cause of death, constituted substantial evidence to support the ALJ's decision and we will not disturb his finding that the petitioner failed to establish death due to pneumoconiosis under the peculiar regulations and higher standard applicable to a widow's claim.
 
 
 11
 The portion of the order under review denying benefits on the miner's claim is vacated and the case remanded for further remand to an ALJ for action not inconsistent with this opinion. The portion of the order denying benefits on the widow's claim is affirmed.
 
 
 12
 AFFIRMED IN PART AND VACATED AND REMANDED IN PART.