953 F.2d 637
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles BEAM, Petitioner,
v.
ISLAND CREEK COAL COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 91-1023.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 28, 1991.
Decided Jan. 7, 1992.
 
 On Petition for Review of an Order of the Benefits Review Board. (88-2473-BLA)
 William C. Garrett, Gassaway, W.Va., for petitioner.
 Douglas Allen Smoot, Jackson & Kelly, Charleston, W.Va., for respondents.
 
 
 1
 Ben.Rev.Bd.
 
 
 2
 AFFIRMED.
 
 
 3
 Before K.K. HALL and WILKINSON, Circuit Judges, and JOSEPH H. YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 
 OPINION
 PER CURIAM:
 
 4
 Charles B. Beam appeals an order of the Benefits Review Board affirming an Administrative Law Judge's denial of benefits under the Black Lung Benefits Act. We affirm.
 
 I.
 
 5
 Charles B. Beam is a 65-year old former coal miner who worked underground at various mining jobs from 1946 to 1986. Beam's last coal mine employment was as a belt foreman. Although Beam's position as belt foreman was supervisory in nature, it included installing and fixing conveyer belts. Beam testified that the hardest part of his job was "walking the belts and checking the belts," which had to be done on every shift and took three to four hours to complete.
 
 
 6
 On January 6, 1982, Beam filed a claim for federal black lung benefits. The Department of Labor initially denied benefits and subsequently reaffirmed its denial after considering additional evidence. At Beam's request, a formal hearing was held before an administrative law judge (ALJ). Inasmuch as the employer agreed that Beam has simple pneumoconiosis, the only issue before the ALJ was whether Beam was totally disabled because of the disease. On October 8, 1987, the ALJ issued a decision and order denying benefits.
 
 
 7
 The ALJ first found that no presumptions operated in favor of total disability. Second, the ALJ considered nine pulmonary function studies pursuant to 20 C.F.R. § 718.204(c) and found that only one produced qualifying results. Based on this evidence, the ALJ concluded that the pulmonary function studies failed to establish total disability. The ALJ then considered blood gas studies pursuant to § 718.204(c)(2). He found that most of the values produced by the six studies fail to indicate qualifying results and concluded that the blood gas studies did not establish total disability. The ALJ also found no evidence of cor pulmonale and, thus, no total disability pursuant to § 718.204(c)(3).
 
 
 8
 Finally, the ALJ considered the opinions of physicians who exercised "reasoned medical judgments" pursuant to 20 C.F.R. § 718.204(c)(4). He noted that Drs. Piccirillo and Rasmussen both found total disability from coal mine work; however, he discredited Dr. Rasmussen's opinion because Dr. Rasmussen believed that Beam's job involved "heavy manual labor," in contrast to Beam's testimony that it primarily involved walking. The ALJ considered also that Beam worked regularly for two years after Dr. Rasmussen found him totally disabled.
 
 
 9
 The ALJ placed more weight on Dr. Zaldivar's opinion finding Beam not disabled than Dr. Piccirillo's opinion. In addition, the ALJ considered the opinions of Drs. Morgan and Kress, who both found Beam not totally disabled, based on their review of his medical records. After reviewing all the evidence, the ALJ concluded that Beam failed to establish total disability under the medical opinion section or any of the means available under § 718.
 
 
 10
 Beam appealed to the Benefits Review Board, which affirmed the ALJ's denial of benefits on December 28, 1990. This appeal followed.
 
 II.
 
 11
 The only issue on appeal is whether the ALJ's findings were supported by substantial evidence in the record as a whole. Zbosnik v. Badger Coal Co., 759 F.2d 1187, 1189 (4th Cir.1985).
 
 
 12
 Beam argues that the ALJ erred in discrediting Dr. Rasmussen's opinions, in giving Dr. Zaldivar's opinion more weight than Dr. Piccirillo's, and in giving any weight to the opinions of Dr. Kress and Dr. Morgan. Beam alleges that Drs. Kress and Morgan are biased against black lung compensation programs. Beam's arguments may be colorable but do not convince us that the ALJ's findings were not supported by substantial evidence. The ALJ's role is to resolve the types of factual issues petitioner presents. Indeed, if the ALJ had decided in favor of awarding benefits, we could have affirmed as well, based on the evidence presented. Because the ALJ's decision is based on substantial evidence, we must affirm.
 
 
 13
 AFFIRMED.