23 F.3d 401
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Drexell JOURNELL, Petitioner,
v.
SOUTHERN APPALACHIAN COAL COMPANY; Director, Office of
Workers' Compensation Programs, United States
Department of Labor, Respondents.
 No. 93-1050.
 United States Court of Appeals,
Fourth Circuit
 Submitted June 22, 1993.
Decided May 17, 1994.
 
 On Petition for Review of an Order of the Benefits Review Board. (91-1620-BLA)
 George D. Blizzard, II, SHAFFER & SHAFFER, Madison, West VA, for Petitioner.
 Henry C. Bowen, David S. Russo, Robinson & McElwee, Charleston, West VA, for respondents.
 Ben.Rev.Bd.
 AFFIRMED.
 Before WIDENER, WILKINS, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Drexell Journell appeals from a Benefits Review Board ("Board") decision affirming the administrative law judge's ("ALJ") decision to deny his application for benefits under the Black Lung Benefits Act ("Act"), as amended, 30 U.S.C. Secs. 901-945 (1988 & Supp. II 1990). Since we find that the ALJ's decision was supported by substantial evidence, see Zbosnik v. Badger Coal Co., 759 F.2d 1187 (4th Cir.1985), we affirm.
 
 
 2
 Journell argues that the ALJ erred by finding the X-ray evidence of record insufficient to establish complicated pneumoconiosis and invoke the irrebuttable presumption of totally disabling pneumoconiosis pursuant to 20 C.F.R. Sec. 718.304 (1991). Journell submitted a May 24, 1989 X-ray interpreted by Dr. Daniel, a Board-certified radiologist and an "A" reader, and by Dr. Deardorff, a Board-certified radiologist and "B" reader, as showing complicated pneumoconiosis. Dr. Zaldivar, a B-reader, and Drs. Wiot and Spitz, both of whom are Board certified radiologists and B-readers, reread this same film as showing no evidence of pneumoconiosis at any stage but positive for tuberculosis and possible histoplasmosis. Other X-rays taken before and after the May 1989 film were uniformly read negatively for pneumoconiosis. Most of these additional interpretations were made by Drs. Zaldivar, Wiot, and Spitz.
 
 
 3
 In rejecting the findings of Drs. Daniel and Deardorff, the ALJ found Dr. Wiot to be the most qualified physician of record, noting his positions as chairman of the University of Cincinnati Department of Radiology, and chairman of the American College of Radiology Task Force on pneumoconiosis since 1972. The ALJ further found that whereas Dr. Deardorff relied on a single X-ray in forming his opinion, Dr. Wiot viewed five X-rays, taken at various points in time, and reviewed the miner's medical records, to inform his opinion. The ALJ also noted that Dr. Wiot's opinion was corroborated by Dr. Spitz, who reviewed the same data, and by Dr. Zaldivar. All of these physicians opined that the abnormalities appearing on the miner's X-rays were attributable to a past infectious process which resulted in residual scarring, namely, Journell's tuberculosis, for which he was treated from 1985 to 1987, and possibly histoplasmosis.
 
 
 4
 Contrary to Journell's contention on appeal, nothing in our decision in Whitman v. Califano, 617 F.2d 1055 (4th Cir.1980), prohibited the ALJ from considering any credentials of the physicians other than their status as B-readers or Board certified radiologists. Moreover, this case is easily distinguished from Whitman inasmuch as the ALJ in that case credited the findings of one set of B-readers over another based "solely on his subjective preference," id. at 1057, whereas the ALJ in this case provided rational, detailed explanations for his resolution of the conflicting evidence.
 
 
 5
 The decision of the Board affirming the ALJ is, accordingly, affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented and argument would not aid the decisional process.
 
 AFFIRMED