39 F.3d 1177
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert F. MARTIN, Petitioner,
v.
RANGER FUEL CORPORATION; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 94-1197.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 7, 1994.
Decided Nov. 7, 1994.
 
 On Petition for Review of an Order of the Benefits Review Board. (92-444-BLA)
 S.F. Raymond Smith, Rundle & Cooper, L.C., Pineville, WV, for petitioner.
 Douglas A. Smoot, Jackson & Kelly, Charleston, WV, for respondents.
 Ben. Rev. Bd.
 AFFIRMED.
 Before WIDENER and WILKINS, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Robert Martin seeks review of the Benefits Review Board's (Board) decision and order affirming the administrative law judge's (ALJ) denial of black lung benefits pursuant to 30 U.S.C.A. Secs. 901-945 (West 1986 & Supp.1993). The ALJ found the evidence of record insufficient to establish either the existence of pneumoconiosis or that pneumoconiosis contributed to the miner's totally disabling respiratory impairment, and the Board affirmed the ALJ's finding that pneumoconiosis did not contribute to the miner's total disability. On appeal, Martin contends that the evidence submitted by Respondent Ranger Fuel Corporation (employer) failed to "rule out" any connection between his total disability and pneumoconiosis. Moreover, he alleges that the ALJ erred by crediting medical reports which found no pneumoconiosis and thus no contribution by pneumoconiosis to Martin's disability because, in Martin's view, these reports were based solely on negative X-ray evidence. Martin acknowledges that these reports purport to rely on factors besides negative X-rays, but contends that the additional factors offered are pretextual, and intended to mask the physicians' improper reliance on negative X-rays alone.
 
 
 2
 Initially, we note that the employer did not bear the burden of ruling out any connection between Martin's disability and pneumoconiosis. Instead, Martin bore the burden of establishing that pneumoconiosis was at least a contributing cause of his totally disabling respiratory impairment. See Robinson v. Pickands Mather & Co., 914 F.2d 35, 38 (4th Cir.1990). In this case, only Dr. Rasmussen linked the miner's disability to pneumoconiosis. One examining physician, Dr. Zaldivar, and four consulting physicians, Drs. Fino, Renn, Morgan, and Hippensteel, all disputed the existence of any connection, finding the miner's respiratory impairment attributable to smoking.
 
 
 3
 The record belies Martin's contention that employer's physicians reached their conclusions solely on the basis of negative X-rays. Dr. Zaldivar also considered the results of a physical examination, objective clinical studies such as pulmonary function studies and arterial blood gas studies, and the miner's employment and smoking history. The consulting physicians considered the medical data of record, and each of employer's physicians explained how the relevant data supported their conclusions.
 
 
 4
 While Martin argues that the proffered reasoning was pretextual, reflecting only the knowledge of physicians experienced in writing reports used to defend black lung claims, we note that these reports constitute probative evidence and are not presumptively biased. See Cochran v. Consolidation Coal Co., 16 BLR 1-101 (1992) (citing Richardson v. Perales, 402 U.S. 389 (1971)). Moreover, the ALJ has sole power to determine the credibility of the evidence. See Grizzle v. Pickands Mather & Co., 994 F.2d 1093, 1096 (4th Cir.1993). The ALJ's weighing of the evidence must be affirmed if his conclusions are supported by substantial evidence and are not contrary to law. See Zbosnik v. Badger Coal Co., 759 F.2d 1187, 1189 (4th Cir.1985).
 
 
 5
 In this case, the ALJ found the reasoning of employer's physicians credible, particularly in light of Martin's smoking history of nearly fifty years and the fact that all of his coal mine employment was above ground. The ALJ's findings were rational and in accordance with law. The Board's decision affirming the findings of the ALJ is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED