**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BEATRICE FARLEY, Widow of
Junior D. Farley,
Petitioner,

v.

W.P. COAL COMPANY; DIRECTOR,
OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
Respondents.

No. 95-2699

On Petition for Review of an Order
of the Benefits Review Board.
(95-1174-BLA)

Submitted: March 19, 1996

Decided: April 19, 1996

Before MURNAGHAN, HAMILTON, and WILLIAMS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

George A. Mills, III, Huntington, West Virginia, for Petitioner. Dar-
rell V. McGraw, Jr., Attorney General, Leah Quentin Griffin, Assis-
tant Attorney General, Charleston, West Virginia, for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Beatrice Farley, the widow of Junior Farley, seeks review of a decision of the Benefits Review Board ("Board") affirming the administrative law judge's ("ALJ") decision to deny her application for black lung survivor's benefits pursuant to 30 U.S.C.A. § 901-45 (West 1986 & Supp. 1995). Benefits were denied in this case based on the ALJ's determination, affirmed by the Board, that Mrs. Farley failed to prove that pneumoconiosis caused or contributed to her husband's death under 20 C.F.R. § 718.205(c) (1995). On appeal, Farley does not identify any specific error committed by the ALJ in making this determination, but argues generally that the medical evidence of record was sufficient to prove that pneumoconiosis at least hastened the miner's death, thereby satisfying the criteria of § 718.205(c) under our decision in Shuff v. Cedar Coal Co., 967 F.2d 977, 980 (4th Cir. 1992), cert. denied, 506 U.S. 1050 (1993).

An ALJ may properly discredit medical opinions which are equivocal or qualified. See Justice v. Island Creek Coal Co., 11 BLR 1-91 (1988); Campbell v. Director, Office of Workers' Compensation Programs, 11 BLR 1-16 (1988). In this case, we find that the Board and the ALJ properly rejected the only medical reports of record which tended to link pneumoconiosis to the miner's death because they were all equivocal or qualified. Dr. Tivitmahaisoon merely opined that the miner's pneumoconiosis "could have indirectly affected his prognosis," and Dr. Tanquin stated only that pneumoconiosis "may have" adversely affected the miner's condition. Similarly, Dr. Green's opinion that pneumoconiosis was a "minor contributing factor" to death was qualified by his statement that the miner had only simple pneumoconiosis, and that such pneumoconiosis is not associated with increased mortality. Finally, while we note that Farley also relies on the autopsy report of Dr. DeLara to support her position, we find that his report cannot support her burden because it merely finds

2

evidence of pneumoconiosis and does not address whether the disease played a role in the miner's death.

Because the ALJ's determinations are supported by substantial evidence and are not contrary to law, we affirm the decision of the Board. See Zbosnik v. Badger Coal Co., 759 F.2d 1187, 1189 (4th Cir. 1985). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3