**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

EULES W. COBB,
<u>Petitioner,</u>

v.

RANGER FUEL CORPORATION;

No. 95-1952

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR,
<u>Respondents.</u>

On Petition for Review of an Order
of the Benefits Review Board.
(94-2561-BLA)

Submitted: November 30, 1995

Decided: April 22, 1996

Before WILKINSON, Chief Judge, and WIDENER and
HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

S.F. Raymond Smith, RUNDLE & RUNDLE, L.C., Pineville, West
Virginia, for Petitioner. Douglas A. Smoot, JACKSON & KELLY,
Charleston, West Virginia, for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Eules Cobb seeks review of the Benefits Review Board's (Board) decision and order affirming the administrative law judge's (ALJ) denial of his application for black lung benefits pursuant to 30 U.S.C.A. §§ 901-45 (West 1986 & Supp. 1995). The ALJ found the evidence of record sufficient to establish a totally disabling respiratory impairment, but insufficient to establish pneumoconiosis or that the miner's total disability was due to pneumoconiosis. The Board affirmed the ALJ's denial of benefits based on its agreement with the ALJ's finding of no pneumoconiosis.

Cobb alleges that the ALJ improperly denied benefits in this case solely on the basis of negative X-ray evidence, in violation of 20 C.F.R. § 718.202(b) (1995). He does not identify any error committed by the ALJ in weighing the X-ray evidence under 20 C.F.R. § 718.202(a)(1) (1995), but asserts that the medical reports relied on by the ALJ to find no pneumoconiosis under § 718.202(a)(4) rely on nothing more than negative X-rays to support their diagnoses. Cobb concedes that these reports discuss the data relevant to diagnosing the presence of pneumoconiosis or other respiratory diseases, such as the miner's personal and employment history, and the results of ventilatory and blood gas testing, but asserts that the physicians who prepared these reports inserted these discussions merely to "camouflage" their actual reliance on only the negative X-ray evidence in forming their conclusions. He avers that these physicians did this to justify rendering an opinion which could support the denial of a black lung claim.

Cobb thus effectively argues that the medical reports relied on by the ALJ are biased and not credible. These reports, however, constitute probative evidence and are not presumptively biased. See Cochran v. Consolidation Coal Co., 16 BLR 1-101 (1992) (citing

2

Richardson v. Perales, 402 U.S. 389 (1971)). Moreover, the ALJ has sole discretion to determine the credibility of the evidence, see Grizzle v. Pickands Mather & Co., 994 F.2d 1093, 1096 (4th Cir. 1993), and is in the best position to assess its weight and sufficiency. See Zbosnik v. Badger Coal Co., 759 F.2d 1187, 1189 (4th Cir. 1985). Cobb essentially urges us to usurp the function of the ALJ and reweigh the evidence, which exceeds the scope of our review.

Accordingly, the decision of the Board is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3