UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JAMES F. WELLS,
Petitioner,

v.

BUFFALO MINING COMPANY;

No. 95-1847

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR,
Respondents.

On Petition for Review of an Order
of the Benefits Review Board.
(94-3842-BLA)

Submitted: December 26, 1995

Decided: August 6, 1996

Before WILKINSON, Chief Judge, and MURNAGHAN and
WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Roger D. Forman, FORMAN & CRANE, L.C., Charleston, West Vir-
ginia, for Petitioner. Douglas A. Smoot, JACKSON & KELLY,
Charleston, West Virginia, for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James Wells seeks review of the Benefits Review Board's (Board) decision and order affirming the administrative law judge's (ALJ) denial of his application for black lung benefits pursuant to 30 U.S.C.A. §§ 901-45 (West 1986 & Supp. 1995). The ALJ found the evidence of record sufficient to establish the presence of pneumoconiosis arising out of coal mine employment, but benefits were denied in this case based on Wells's inability to establish the presence of a totally disabling respiratory or pulmonary impairment under 20 C.F.R. § 718.204(c) (1995).

We have reviewed the briefs and the record and find that Wells identifies no reversible error. While he avers that the ALJ should have accorded greater weight to his qualifying exercise blood gas study, the ALJ acted within his discretion by finding this study outweighed by the conflicting, non-qualifying blood gas evidence of record. See Gray v. Director, Office of Workers' Compensation Programs, 943 F.2d 513, 521 (4th Cir. 1991). Similarly, while Wells contends that the ALJ erred by crediting the opinions of Drs. Zaldivar, Fino, and Hippensteel over the opinions of Drs. Rasmussen and Gaziano, he identifies no legal error committed by the ALJ in weighing the evidence. Moreover, we note that, particularly since he properly rejected the only objective study tending to support Wells's burden, the ALJ reasonably accorded greater weight to the medical opinions which were best supported by the objective evidence of record. See Director, Office of Workers' Compensation Programs v. Siwiec , 894 F.2d 635, 639 (3d Cir. 1990).

Because the ALJ's conclusions are supported by substantial evidence and are not contrary to law, they must be affirmed. See Zbosnik v. Badger Coal Co., 759 F.2d 1187, 1189 (4th Cir. 1985). Accordingly, the decision of the Board is affirmed. We deny Wells's motion

2

for oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3