**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

EASTERN ASSOCIATED COAL
CORPORATION,
Petitioner,

v.

No. 97-2302

GONZELLA SULLIVAN; DIRECTOR,
OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
Respondents.

On Petition for Review of an Order
of the Benefits Review Board.
(93-1048-BLA)

Submitted: April 14, 1998

Decided: May 4, 1998

Before MURNAGHAN, HAMILTON, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Mark E. Solomons, Laura Metcoff Klaus, ARTER & HADDEN,
Washington, D.C., for Petitioner. Marvin Krislov, Deputy Solicitor
for National Operations, Donald S. Shire, Associate Solicitor, Patricia
M. Nece, Counsel for Appellate Litigation, UNITED STATES
DEPARTMENT OF LABOR, Washington, D.C., for Respondents.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Petitioner Eastern Associated Coal Corporation (employer) appeals from a decision of the Benefits Review Board (BRB) granting its motion for reconsideration, but affirming the Administrative Law Judge's (ALJ) decision to grant Gonzella Sullivan, a former coal miner, black lung disability benefits pursuant to 30 U.S.C.A. §§ 901-45 (West 1986 & Supp. 1997). Because we agree with Sullivan and the Director, Office of Workers' Compensation Programs (Director), that substantial evidence supports the ALJ's finding that Sullivan established a totally disabling respiratory or pulmonary impairment pursuant to 20 C.F.R. § 718.204(c) (1997), we affirm the decision of the BRB.

We review claims for black lung benefits to determine whether substantial evidence supports the ALJ's findings of fact.[1] Substantial evidence is "more than a mere scintilla," and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[2] In determining whether substantial evidence supports the ALJ's factual determinations, we consider whether all of the relevant evidence was analyzed and whether the ALJ sufficiently explained his rationale in crediting evidence.[3] Additionally, we review the ALJ's and the BRB's conclusions of law de novo to determine whether they are rational and consistent with applicable law.[4]

The employer first claims that the ALJ erred in finding that Sullivan suffered from a total disabling respiratory impairment. We find

_____

[1] **See Dehue Coal Co. v. Ballard** , 65 F.3d 1189, 1193 (4th Cir. 1995).
[2] **Consolidated Edison Co. v. NLRB** , 305 U.S. 197, 229 (1938).
[3] **See Sterling Smokeless Coal Co. v. Akers**, 131 F.3d 438, 439 (4th Cir. 1997).
[4] **See Dehue**, 65 F.3d at 1193.

2

this claim without merit. The ALJ reviewed the two 1980 non-qualifying pulmonary studies and the 1984 qualifying study before concluding that the most recent study reflected Sullivan's present condition. Although we have rejected a "later is better" approach to contradictory x-ray evidence in black lung cases, [5] the ALJ's decision was not in error. The ALJ did not dispute the accuracy of the non-qualifying tests, but credited the last study as more probative because pneumoconiosis is a progressive disease and earlier non-qualifying studies are not inconsistent with coal workers' pneumoconiosis.[6] Because the ALJ has exclusive power to make credibility determinations and resolve inconsistencies in the evidence, [7] the ALJ's weighing of the medical evidence must be affirmed because his conclusions are supported by substantial evidence and are not contrary to law.[8]

Next, the employer asserts that the ALJ failed, in accordance with the Administrative Procedures Act (APA),[9] to make specific factual findings on whether Sullivan's disability was causally related to pneumoconiosis.[10] The basic purpose of the APA's duty of explanation is to help the ALJ get it right, but its secondary purpose is to allow this court to review the decision.[11] If this court can understand what the ALJ did and why he did it, the requirements of the APA are satisfied.

In this case, the ALJ concluded based upon the record, that pneu-

---

[5] **See Adkins v. Director, Office of Workers' Compensation Programs**, 958 F.2d 49, 51 (4th Cir. 1992).
[6] **See Gray v. Director, Office of Workers' Compensation Programs**, 943 F.2d 513, 520-21 (4th Cir. 1991) (upholding ALJ's decision to credit later non-qualifying studies because they were "more indicative of claimant's present condition").
[7] **See Grizzle v. Pickands Mather & Co.**, 994 F.2d 1093, 1096 (4th Cir. 1993).
[8] **See Zbosnik v. Badger Coal Co.** , 759 F.2d 1187, 1189 (4th Cir. 1985).
[9] **See** 5 U.S.C.A. § 557(c)(3)(A) (West 1997).
[10] **See Robinson v. Pickands Mather Co.**, 914 F.2d 35, 38 (4th Cir. 1990).
[11] **See See v. Washington Metropolitan Area Transit Authority**, 36 F.3d 375, 384 (4th Cir. 1994).

moconiosis was a contributing cause of Sullivan's disability. As the ALJ noted, Dr. Reynolds diagnosed Sullivan as suffering chronic obstructive pulmonary disease which was related to Sullivan's forty-six years in the coal mines. Because Sullivan met the statutory definition for total disability and the only pulmonary disability in the record was the one diagnosed by Dr. Reynolds, the ALJ's conclusion that Sullivan's disability was related to his coal mining employment was rational, supported by substantial evidence, and reviewable by this court. Therefore, the employer's claim fails.

Because the ALJ's award of black lung benefits is supported by substantial evidence and is not contrary to law, we affirm the BRB's decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4