46 F.3d 1124
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Eli J. HUSCUSSON, Petitioner,
v.
DIRECTOR, OFFICE of WORKERS' COMPENSATION PROGRAMS, United
States Department of Labor; Cedar Coal Company,
Respondents.
 No. 94-1085.
 United States Court of Appeals, Fourth Circuit.
 Argued: Nov. 2, 1994.
Decided: Jan. 23, 1995.
 
 ON BRIEF: Thomas S. Williamson, Jr., Solicitor of Labor, Donald S. Shire, Associate Solicitor, Patricia M. Nece, Counsel for Appellate Litigation, UNITED STATES DEPARTMENT OF LABOR, Washington, DC, for Respondent Director; Henry C. Bowen, ROBINSON & MCELWEE, Charleston, W VA, for Respondent Cedar Coal.
 Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Eli J. Huscusson, who had worked in coal mines for 18 years, first applied for black lung benefits under the Black Lung Benefits Act, 30 U.S.C. Sec. 901 et seq., in December 1980. That claim was denied in 1986 by the Administrative Law Judge. Huscusson then filed a second claim in May 1990 which is the subject of this appeal.
 
 
 2
 While the Administrative Law Judge (ALJ) in this case agreed that Huscusson could file a second claim based on a material change in condition, he nevertheless denied benefits, concluding that Huscusson was not totally disabled and that pneumoconiosis was not a contributing cause of any disability demonstrated. The ALJ noted that all six pulmonary function tests and two blood gas studies recently conducted did not qualify Huscusson for total disability. Moreover, three of the four doctors who gave opinions did not find Huscusson totally disabled. The ALJ rejected the opinion of Dr. Rasmussen, the only doctor who concluded that Huscusson was totally disabled from performing his previous coal mine employment, as "not well reasoned." The ALJ stated in conclusion, "After weighing all the relevant probative evidence, I find that Claimant has failed to establish total disability under section 718.204(c)(4)."* Additionally the ALJ concluded that Huscusson's pneumoconiosis was not a contributing cause of his impairments. Rather, the ALJ found that any impairment was due to smoking and to many years of occupational dust exposure experienced by Huscusson during his more than 30 years of road construction work.
 
 
 3
 The Benefits Review Board affirmed the ALJ's denial of benefits. The Board approved of the ALJ's weighing of the doctors' opinions and also affirmed the ALJ's weighing of the overall evidence to reach his conclusion. The Board stated:
 
 
 4
 [I]nasmuch as the Administrative Law Judge considered all the relative probative evidence of record, like and unlike, and determined that the evidence is not supportive of a finding of total respiratory disability, ... we affirm....
 
 
 5
 Having affirmed on the finding that Huscusson was not totally disabled, the Board did not review the ALJ's causation finding.
 
 
 6
 On review, we take the Board's findings of fact as conclusive if they are supported by substantial evidence in the record considered as a whole. See 33 U.S.C. Sec. 921(b)(3), as incorporated by 30 U.S.C. Sec. 932(a); Zbosnik v. Badger Coal Co., 759 F.2d 1187 (4th Cir.1985). In this case, we have carefully reviewed the decisions of the Board and the ALJ, as well as the supporting record, and conclude that the Board's decision is supported by substantial evidence in the record considered as a whole.
 
 
 7
 Huscusson argues that the ALJ and the Board improperly disqualified Dr. Rasmussen's opinion solely because his opinion was not supported by qualifying test results. While we recognize that a doctor's opinion can support a finding of total disability notwithstanding the existence of nonqualifying studies, see Poole v. Freeman United Coal Mining Co., 897 F.2d 888, 893 (7th Cir.1990), we find that Huscusson's argument misconstrues the ALJ's opinion in this case, which evaluated the reasoning of Dr. Rasmussen's opinion. Because Dr. Rasmussen's opinion primarily relied on nonqualifying studies to support a conclusion of total disability, the ALJ properly observed, "I find [Dr. Rasmussen's] conclusion is not well reasoned as section 718.204(c)(4) requires; the documentation [on which Dr. Rasmussen based his opinion] does not support the doctor's assessment of the miner's health." The ALJ properly reviewed and weighed all of the medical opinions, including those of three other doctors, and concluded that Huscusson was not totally disabled. In affirming his decision, the Benefits Review Board stated that:
 
 
 8
 The administrative law judge, as the trier-of-fact must, in the first instance, determine whether a medical opinion is sufficiently reasoned.... In making this judgment, the administrative law judge is not bound to accept the opinion or theory of any medical expert, but may weigh the evidence and draw his own conclusions.... The administrative law judge [below] reasonably interpreted Dr. Rasmussen's report as insufficient to carry claimant's burden of proof under Section 718.204(c)(4), because he could determine that the physician's conclusions were not supported by their underlying documentation.
 
 
 9
 We find no error in the Board's approval of the ALJ's methodology and are satisfied that the Board's conclusion affirming the ALJ's decision is supported by substantial evidence. The decision of the Benefits Review Board is accordingly
 
 
 10
 AFFIRMED.
 
 
 
 *
 20 C.F.R. Sec. 718.204(c)(4) provides:
 Where total disability cannot be established under paragraphs (c)(1) [qualifying pulmonary function tests], (c)(2) [qualifying arterial blood-gas tests] or (c)(3) [cor pulmonale] of this section ..., total disability may nevertheless be found if a physician exercising reasoned medical judgment, based on medically acceptable clinical and laboratory diagnostic techniques, concludes that a miner's respiratory or pulmonary condition prevents ... the miner from engaging in [his usual coal mine work or comparable] employment....