68 F.3d 461
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles E. SULLIVAN, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR; Eastern Associated
Coal Company, Respondents.
 No. 95-2563.
 United States Court of Appeals, Fourth Circuit.
 Argued: September 27, 1994.
Decided: October 10, 1995.
 
 ARGUED: S.F. Raymond Smith, Rundle & Cooper, L.C., Pineville, WV, for Petitioner. Dorothy L. Page, Office of the Solicitor, United States Department of Labor, Washington, DC, for Respondent Director; Mark Elliott Solomons, Arter & Hadden, Washington, DC, for Respondent Eastern Associated Coal. ON BRIEF: Thomas S. Williamson, Jr., Solicitor of Labor, Donald S. Shire, Associate Solicitor, Michael J. Denney, Counsel for Enforcement, Anne Swiatek, United States Department of Labor, Washington, DC, for Respondent Director; Laura Metcoff Klaus, Arter & Hadden, Washington, DC, for Respondent Eastern Associated Coal.
 Before WIDENER and MOTZ, Circuit Judges, and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Charles Sullivan petitions for review of a decision of the Benefits Review Board (Board), affirming an Administrative Law Judge's (ALJ) denial of his claim for black lung benefits. The ALJ found that Sullivan's pneumoconiosis did not contribute to his total disability. See 20 C.F.R. Sec. 718.204. Because the determination is not based on substantial evidence, we remand the case to the Board for further remand to an ALJ for reconsideration.
 
 I.
 
 2
 Sullivan worked in the coal mine industry for 43 years, ending his employment on January 30, 1987. He timely filed a claim for federal black lung benefits on September 28, 1987. After a hearing on May 25, 1989, the ALJ denied benefits. Finding the x-ray evidence of pneumoconiosis to be equally probative, the ALJ applied the true doubt rule to find that Sullivan suffered from pneumoconiosis. However, the ALJ found that Sullivan's total respiratory disability was not caused, in and of itself, by the pneumoconiosis. See Wilburn v. Director, OWCP, 11 Black Lung Rep. 1-135 (BRB 1988), overruled by Scott v. Mason Coal Co., 14 Black Lung Rep. 1-37 (BRB 1990). On review, the Board remanded the claim to the ALJ for reconsideration in light of the more lenient causation standard subsequently adopted by the Board and the Fourth Circuit, requiring a claimant to show only that pneumoconiosis was a contributing cause of his disability. See Robinson v. Pickands Mather & Co., 914 F.2d 35 (4th Cir.1990); Scott, 14 Black Lung Rep. 1-37.
 
 
 3
 On remand, the ALJ again denied benefits, finding that Sullivan's disability was not caused "even in the very least" by pneumoconiosis. The ALJ credited the opinions of Drs. Zaldivar, Tuteur, and Morgan, all of whom found that Sullivan's disability was not caused by pneumoconiosis. He gave no weight to the opinions of Drs. Lee* and Tampoya, who both found that Sullivan's disability was due in part to his pneumoconiosis. The Board affirmed, stating that the ALJ had weighed the medical evidence properly.
 
 II.
 
 4
 We review the factfindings of the ALJ to see if they are based on substantial evidence in the record considered as a whole. Zbosnik v. Badger Coal Co., 759 F.2d 1187, 1189-90 (4th Cir.1985). Because we find that the ALJ failed to set forth adequate reasons for crediting certain medical opinions and failed to address one medical opinion which disagreed with his conclusion that pneumoconiosis was not a contributing cause of Sullivan's disability, we remand for reconsideration of the causation issue. In addition, because the ALJ applied the true doubt rule to determine that Sullivan suffered from pneumoconiosis, we remand for reconsideration of that finding in light of Director, OWCP v. Greenwich Collieries, 62 U.S.L.W. 4543 (U.S. June 20, 1994) (No. 93-744).
 
 A.
 
 5
 The ALJ relied on the opinions of Drs. Zaldivar, Tuteur, and Morgan to find that Sullivan's pneumoconiosis did not contribute to his disability. Sullivan challenges this finding because these doctors did
 
 
 6
 not diagnose pneumoconiosis, and accordingly their determination that pneumoconiosis did not contribute to Sullivan's disability should be not be given "much, if any, weight." Grigg v. Director, OWCP, 28 F.3d 416, 419 (4th Cir.1994). While Grigg does not require an ALJ to discredit such opinions entirely, in Toler v. Eastern Associated Coal Co., 43 F.3d 109 (4th Cir.1995), we stated that:
 
 
 7
 [c]learly such opinions can carry little weight. At the very least, an ALJ who has found ... that a claimant suffers from pneumoconiosis and has total pulmonary disability may not credit a medical opinion that the former did not cause the latter unless the ALJ can and does identify specific and persuasive reasons for concluding that the doctor's judgment on the question of disability causation does not rest upon her disagreement with the ALJ's finding as to either or both of the predicates in this causal chain.
 
 
 8
 Toler, 43 F.3d at 116.
 
 
 9
 Applying Toler 's requirements to the ALJ's opinion in this case, we find that the ALJ's reasoning is not sufficient to support reliance on these doctor's opinions. The ALJ credited the report of Dr. Zaldivar without discussion. The ALJ did discuss the reports of Drs. Tuteur and Morgan, but only by paraphrasing or quoting a sentence from each of the doctors' reports. This discussion does not satisfy the standard set out in Toler. We do not go so far as to say that an ALJ cannot, in any event, credit such a report despite its lack of a finding of pneumoconiosis. However, the ALJ in such a case must consider his finding in accordance with the standard set out above, and identify specific reasons for crediting the causation determination in these reports.
 
 B.
 
 10
 The Director argues that the ALJ also erred by not considering Dr. Tampoya's report in his causation analysis. The Administrative Procedure Act requires that an ALJ's decision include a statement of "findings and conclusions, and the reasons or basis therefor, on all material issues of fact, law, or discretion presented on the record." 5 U.S.C. Sec. 557(c)(3)(A). Dr. Tampoya, an examining physician, found that in his opinion Sullivan's condition was related to coal mine employment. He performed a rather thorough physical examination which included blood gas studies and an x-ray taken at his direction. A ventilatory function test taken at his direction showed disabling values which were confirmed by Dr. Zaldivar. The x-ray was read positive for pneumoconiosis by a board certified radiologist. Dr. Tampoya's diagnosis was mild to moderate COPD and stated as a medical assessment that Sullivan's physical activities which might be limited due to pulmonary disease included walking more than 1/4 mile, climbing more than 19 steps, and lifting more than 25-30 pounds or carrying the same. While it is true that Dr. Tampoya did not provide a medical rationale in one blank on the physical examination form for his conclusion that Sullivan's condition was related to dust exposure from coal mine employment, the ALJ only mentioned by reference this physical examination, and its contents not at all. This was error. See Grigg, 28 F.3d at 420. On remand, the ALJ should spell out why he does or does not credit Dr. Tampoya's finding of causation, giving specific reasons.
 
 III.
 
 11
 At oral argument the Director requested that should we decide to remand for further analysis of causation, the ALJ should also be instructed to reconsider his finding of pneumoconiosis because he used the true doubt rule to make that finding. In light of Greenwich Collieries, 62 U.S.L.W. 4543, we agree that on remand the ALJ should again determine if Sullivan in fact suffers from pneumoconiosis.
 
 IV.
 
 12
 We note that this is the third time an ALJ will address the merits of Sullivan's claim and any expressed frustration with this process may be understandable. But we nevertheless feel that remand is appropriate. Sullivan worked in the coal mine industry for over 40 years and he is entitled to have all medical evidence in this case properly weighed; and, in the event benefits are denied, to have a reasoned explanation for this determination. On remand, the ALJ should determine if Sullivan has met his burden of proof that he has pneumoconiosis, and if he has, then the ALJ must determine if Sullivan's disability is contributed to by that pneumoconiosis in light of the standards set out above.
 
 
 13
 The case is remanded to the Board for further remand to an ALJ for action consistent with this opinion. On remand, the parties may introduce additional evidence should they be so advised.
 
 PETITION FOR REVIEW GRANTED
 
 
 *
 Dr. Lee also had expressed the opinion that Sullivan's disability was caused by an occupationally related pulmonary impairment. The ALJ discounted this opinion because Dr. Lee did not rely on an earlier smoking history greater than that later stated